EAST HARTFORD EDUCATION ASSOCIATION *v.* EAST HARTFORD BOARD OF EDUCATION

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 178287

Memorandum filed November 10, 1972

*Gould, Killian & Krechevsky,* of Hartford, for the plaintiff.

*Shipman & Goodwin,* of Hartford, for the defendants.

*W. Gary Vause,* of Hartford, as amicus curiae.

NARUK, J.  A simultaneous hearing was held, by agreement of the parties, on the plaintiff's request for a temporary and permanent injunction to compel the defendant to meet with the plaintiff and to negotiate in good faith with respect to salaries and other conditions of employment of teachers and administrators in the East Hartford school system. The plaintiff is admitted to be a duly organized professional association recognized for the purpose of exclusive representation of certified professional employees of the defendant board of education. Further, all of the facts contained in the complaint, as amended, are admitted except for the allegations of a violation of § 10-153d of the General Statutes and irreparable injury to the plaintiff.   However, the parties orally stipulated that, if its application for an injunction is denied, the plaintiff may well lose the confidence of its members, sustain a loss in membership, and be subjected to competition from other labor organizations for the right to represent its members.  By this stipulation, and the defendant's admission of the relevant portions of the complaint,[1] the court is compelled to conclude that the plaintiff will suffer an irreparable injury if it is entitled to an injunction and an injunction is not issued.  *Theurkauf* v. *Miller,* 153 Conn. 159, 161; *Stocker* v. *Waterbury,* 154 Conn. 446, 451.

In essence, the pleadings state that the plaintiff and the defendant entered into negotiations concern-

---

[1] In its answer, the defendant admits "that its failure to negotiate further deprives the plaintiff of the opportunity to continue its attempts to negotiate a new, higher salary schedule for 1972-73." The defendant also admits a paragraph which states that the plaintiff has no adequate remedy at law.

ing contracts for the teachers and administrators of the East Hartford school system but were unable to agree. Subsequently, separate mediation and arbitration proceedings were held for the administrators' and teachers' units pursuant to § 10-153f (b) and (c) of the General Statutes. Although an arbitration award was rendered in each proceeding, neither the plaintiff nor the defendant was willing to accept either award in its entirety. On September 6, 1972, the defendant refused to negotiate further with the plaintiff, despite the latter's request that it do so, contending that its duty to negotiate pursuant to § 10-153d had ceased. The plaintiff seeks by this proceeding to compel the defendant to continue negotiations postarbitration.

Section 10-153d provides in part: "The town or regional board of education and the organization designated or elected as the exclusive representative for the appropriate unit, through designated officials or their representatives, shall have the duty to negotiate with respect to salaries and other conditions of employment about which either party wishes to negotiate, and such duty shall include the obligation of such board of education to meet at reasonable times, including meetings appropriately related to the budget-making process, and confer in good faith with respect to salaries and other conditions of employment, or the negotiation of an agreement, or any question arising thereunder and the execution of a written contract incorporating any agreement reached if requested by either party, but such obligation shall not compel either party to agree to a proposal or require the making of a concession."

Section 10-153e provides in part: "No certified professional employee shall, in an effort to effect a settlement of any disagreement with his employing board of education, engage in any strike or concerted refusal to render services."

Our Supreme Court, in the recent case of *West Hartford Education Assn., Inc.* v. *DeCourcy*, 162 Conn. 566, 584, made the following statement concerning the policies underlying the Teacher Negotiation Act: "The act divests boards of education of some of the discretion which they otherwise could exercise under the provisions of §§ 10-220 and 10-221, since it imposes on the board the duty to negotiate certain matters with the representatives of teachers. The legislature by this enactment expressed the view that the state's best interest will be served by according teachers the right to negotiate in accordance with the terms and conditions of the act. It eliminates any need for resort to illegal and disruptive tactics. The statute does not compel the parties to agree nor does it require them to make concessions. The board, if it negotiates in good faith, retains the ultimate power to say 'No.' But, by submitting matters to the mediating influence of negotiations, it is more likely that disputes will be resolved and that agreement will be reached."

It is obvious that enforcement of the defendant's obligation to negotiate in good faith is essential to the implementation of these policies. To argue that a board of education or teachers' union which remains obdurate throughout the statutory procedures provided for has complied with the policy of the act is to exalt form over substance. In the instant case, the defendant does not even claim that an impasse exists. It merely argues that it need not negotiate after a nonbinding arbitration because the statute does not expressly provide for postarbitration negotiation. It seeks support for its claim by pointing out the legislature's explicit requirement in the July 1, 1969, amendment to § 10-153d of renegotiation after rejection of a contract by the legislative body of a town or regional school district. Its argument is without merit. The requirement of renegotiation

after the rejection by a legislative body of a contract is to prevent the parties from being bound by an agreement for which financing will not be made available. Cf. *Board of Education* v. *Ellington*, 151 Conn. 1, 7–8. This requirement is in furtherance of the policy requiring negotiation and cannot be used legitimately to support a limitation of that policy.

A permanent injunction may issue ordering the defendant board of education to meet with the plaintiff association at reasonable times and to negotiate in good faith with respect to salaries and other conditions of employment, and the negotiation of an agreement.