CHARLES CROUCHLEY, JR., ET AL. *v.* LINDA PAMBIANCHI
ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and LEIPNER, Js.

Argued November 5—decided December 2, 1964

*Philip H. Smith,* for the appellants (plaintiffs).

*J. Harold Merrick,* for the appellees (defendants Pambianchi), and *Norwick R. G. Goodspeed,* with whom, on the brief, was *Robert J. Cooney,* for the appellee (defendant Shell Oil Company); with them were *Carl D. Eisenman,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant com-

missioner of motor vehicles), and, on the brief, *Romeo G. Petroni,* for the appellees (defendants Ridgefield zoning board of appeals et al.).

ALCORN, J. We discuss a single aspect of this case which is conclusive of the appeal. The decision in *Crouchley* v. *Pambianchi,* 149 Conn. 512, 182 A.2d 11, was rendered on May 18, 1962. By a substituted complaint dated October 4, 1962, the present action was commenced seeking to enjoin the named defendant, her husband, the Shell Oil Company, the commissioner of motor vehicles, the zoning board of appeals of Ridgefield and the Ridgefield building inspector from permitting or proceeding with the establishment of a gasoline filling station under the authority of the procedures which were in issue in the prior case. The basic facts of the prior case, amplified in particulars not now material, were alleged as the basis for the relief sought. Seven individual plaintiffs brought the present action, alleging that they owned land zoned for residence purposes and located immediately adjacent or in close proximity to the Pambianchi land. Three of the plaintiffs died during the pendency of the suit, and the case was withdrawn as to them.

The complaint alleged that "the value of the interests of the plaintiffs in their lands and the residential character thereof are subject to great impairment, their pecuniary interests are or may be injuriously affected and the plaintiffs are threatened with irreparable injury from which they have no adequate remedy at law." This allegation was denied by all defendants. The parties went to trial on this disputed issue, along with others not necessary to recite, and upon a stipulation that the plaintiffs "are judicially aggrieved parties

herein and have proper standing to bring this action."

In a trial which resulted in a judgment for the defendants, the court concluded that the plaintiffs had failed to establish irreparable injury. The plaintiffs assign error in this conclusion. An examination of the subordinate facts shows that this claim of error has no merit. The court found only that the proposed location of the gasoline filling station is diagonally across the street from the property of one plaintiff, that the property of that plaintiff is in a residential zone, and that the property of one other plaintiff abuts a business zone. The relation of this latter property to the Pambianchi property does not appear. What, if any, connection the remaining plaintiffs have with the case is not disclosed. Paragraphs of the draft finding which the plaintiffs seek to have added to the finding contain no mention of any of the plaintiffs or of any facts which would identify them with any threatened irreparable injury.

Thus, it is apparent that the irreparable injury which the plaintiffs alleged and assumed the burden of proving was correctly found by the court not to have been established. This finding is fatal to the plaintiffs' case. The purpose of the stipulation quoted above is obscure unless it was to bring the plaintiffs within the proposition that equity can give relief in an independent action to one whose property rights are threatened under a void administrative order. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552. It did not relieve the plaintiffs of the burden of proving the alleged irreparable injury. "Restraining the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with

caution, never without the most satisfactory reasons. Not the applicant only, but the court, must be satisfied that a wrong is about to be done, or an injury is about to be sustained, which, practically, will be irreparable, before resort should be had to this extreme power." *Goodwin* v. *New York, N.H. & H.R. Co.,* 43 Conn. 494, 500; *Holt* v. *Wissinger,* 145 Conn. 106, 116, 139 A.2d 353; *Ginsberg* v. *Mascia,* 149 Conn. 502, 505, 182 A.2d 4. "[W]rits of injunction are not to be granted for every trifling cause . . . . When wisely and cautiously granted, they may be rendered highly beneficial; but they are not to be so used as to impose harsh and oppressive restraints upon the liberties of the people, and thereby rendered odious in public estimation. They ought not to be issued, except for the prevention of great and irreparable mischief". *Whittlesey* v. *Hartford, P. & F.R. Co.,* 23 Conn. 421, 433. "Of whatever character it is requisite that the injury complained of should be, in order to lay the foundation for this remedy, it is necessary that it should be a substantial, and not merely a technical, or inconsequential, injury. There must not only be a violation of the plaintiff's rights, but such a violation as is, or will be, attended with actual or serious damage." *Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 580.

Since the plaintiffs failed to prove the irreparable damage alleged, the court could not properly grant the relief prayed for even though all other essential elements were established, and it is therefore unnecessary to discuss the other assignments of error.

There is no error.

In this opinion the other judges concurred.