HARRY BENDELL ET AL. *v.* WILFRED X. JOHNSON ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

 

Argued June 2—decided July 13, 1965

*Harvey A. Katz,* for the appellants (plaintiffs).

*Edward J. Daly, Jr.,* for the appellee (named defendant).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant liquor control commission).

SHANNON, J.   The plaintiffs appeal from the denial of their prayer for an injunction against the defendant Wilfred X. Johnson restraining him from accepting or utilizing a package store permit if it is issued by the defendant liquor control commission.

The court found that a package store permit was issued to Johnson by the commission on February 4, 1963, conditioned on the building which he was erecting being ready for occupancy.   This finding, however, is incorrect.   After a public hearing on January 7, 1963, and after viewing the premises, the commission found that the issuance of a permit

in this neighborhood would not be detrimental to the public interest, when and if the premises were found to be ready for occupancy. The commission requested Johnson by letter, dated February 5, 1963, to submit an affidavit as to when the premises would be constructed and ready for occupancy for the type of permit sought. There is no evidence in the record of compliance with this request.

A sign noting that a liquor permit was being sought had been erected by Johnson on the proposed site on October 31, 1962, and on November 2, 1962. Johnson had also had similar notices published in a local newspaper. Both the newspaper notices and the sign at the site of the proposed location failed to specify the type of liquor permit being sought, namely, a package store permit. On the advice of the liquor control commission, after the hearing but before the commission's final action, Johnson had "corrected notices" published in the newspaper and erected a sign with a corrected notice on the premises.

The plaintiffs claim that the notices initially published and erected by Johnson were defective in that they did not specify the type of permit being applied for, as required by § 30-39 of the General Statutes. This violation of the statute along with other claims relating to the location of the proposed package store was the basis upon which the plaintiffs sought injunctive relief against Johnson.

There is no direct appeal allowed from the action by the commission in granting, suspending or revoking permits except by applicants and permittees. General Statutes §§ 30-39, 30-60. Where the commission, however, grants a permit in violation of an express provision of law, its action may be attacked by a proper legal procedure. In some cases the

attack is by way of an injunctive proceeding where the commission would be a proper but not a necessary party. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156, 157, 48 A.2d 729. Most controversies, like that in the *Newington* case, involve the granting of a permit in violation of a local zoning ordinance. General Statutes § 30-44; cf. *Kallay's Inc.* v. *Katona,* 152 Conn. 546, 548, 209 A.2d 185. But one seeking injunctive relief in a matter involving the regulation of the sale of liquor by the state is not thereby exempted from the rules and procedures governing the issuance of injunctions. In the *Newington* case, we held that only those "whose justiciable interests were injured . . . would, in a proper case, be entitled to seek redress in an action for injunctive relief." *Newington* v. *Mazzoccoli,* supra, 156. In addition to other factors, a "justiciable interest" is at least one founded on the imminence of substantial and irreparable injury. *Crouchley* v. *Pambianchi,* 152 Conn. 224, 227, 205 A.2d 492; *Ginsberg* v. *Mascia,* 149 Conn. 502, 505, 182 A.2d 4. An injunction is not a matter of right. Rather, its issuance rests within the sound discretion of the court. *Point O'Woods Assn., Inc.* v. *Busher,* 117 Conn. 247, 250, 167 A. 546. The principle that an injunction will not issue for a trifling, inconsequential or technical injury to a plaintiff's rights has been consistently followed. *Crouchley* v. *Pambianchi,* supra; *Sisters of St. Joseph Corporation* v. *Atlas Sand, Gravel & Stone Co.,* 120 Conn. 168, 173, 180 A. 303; *Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 580.

The failure to specify the type of liquor permit being applied for was a technical violation of the statute. The plaintiffs, however, have failed to prove that they were seriously and irreparably injured by this violation of the statute or by the

granting of the permit. No injury can be found in the failure of the commission to find the facts as the plaintiffs would now have the commission do. The time for presenting facts was at the public hearing, and the statute makes the commission's decision final as to remonstrants on matters of fact. General Statutes § 30-39; *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156, 48 A.2d 729. The plaintiffs point to no violation of any local zoning ordinance. They have shown no invasion of any property rights or any imminent loss of property values. They are simply opposed to any form of liquor outlet. In fact, the permit, on the basis of the record before us, has yet to issue since it will only be granted when the building is certified as ready for occupancy. The fact that in a local zoning case involving liquor the plaintiffs might qualify as "aggrieved" persons does not alter their burden of proving the substantial and irreparable injury which would entitle them to injunctive relief. This they have failed to do.

There is no error.

In this opinion the other judges concurred.