THOMAS F. THEURKAUF ET AL. *v.* JOHN A. MILLER, TOWN CLERK OF THE TOWN OF GLASTONBURY, ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 13—decided November 24, 1965

*Thomas P. Byrne,* for the appellants (plaintiffs).

*Edward C. Wynne,* for the appellees (defendants).

HOUSE, J. In November, 1962, the Glastonbury town council, acting pursuant to the provisions of §§ 7-147a through 7-147k of the General Statutes, adopted an ordinance establishing a historic district in the town. Subsequently, § 7-147m was enacted, effective July 1, 1963. This later statute, so far as is relevant here, provided that, in any town which had established a historic district, 15 percent of the owners of record of real property within that district might, not later than January 1, 1964, petition the legislative body of the town for a balloting of all the owners on the question of continuing the district. Unless, upon this balloting, 75 percent of these owners consented to the continuance of the district, its existence should terminate.

The plaintiffs have brought this action against the town clerk, the town manager and all the members of the town council, alleging that the plaintiffs are "electors and/or taxpayers" of the town and

residents and property owners within the district. It is alleged that a document purporting to be a petition, filed pursuant to § 7-147m, was filed on or before December 30, 1963, and that the town council thereupon voted to hold a referendum pursuant to that statute. Several deficiencies in the document, in its form and in its time of filing are pleaded. It is expressly alleged that the action of the town council in directing the holding of the referendum is unlawful and will cause irreparable damage to the public and private rights of the plaintiffs and that they have no adequate remedy at law.

The only specific relief claimed by the plaintiffs is equitable by way of an injunction restraining the defendant town officials from warning and holding a referendum regarding the continuance of the historic district either in accordance with its prior resolution or at any other time. Since the extraordinary remedy of relief by way of an equitable injunction is the specific relief claimed, it was incumbent upon the plaintiffs not only to allege their irreparable damage and lack of an adequate remedy at law, as they have done, but to prove it. Both the allegations and the proof are necessary conditions precedent to the granting of the relief which the plaintiffs seek. *Bendell* v. *Johnson,* 153 Conn. 48, 51, 212 A.2d 199; *Weaver* v. *Ives,* 152 Conn. 586, 590, 210 A.2d 661; *Crouchley* v. *Pambianchi,* 152 Conn. 224, 226, 227, 205 A.2d 492; *Coyle* v. *Housing Authority,* 151 Conn. 421, 424, 198 A.2d 709; *Stapleton* v. *Lombardo,* 151 Conn. 414, 416, 198 A.2d 697; *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294.

The trial court made an express finding of facts that the plaintiffs offered no evidence of irreparable injury to them or any evidence that they had no adequate remedy at law. So far as this finding

indicates that it was incumbent upon the plaintiffs to introduce evidence that they had no adequate remedy at law, it is erroneous, and that portion of the finding is stricken. Whether there is a legal remedy is a question of law for the court and ordinarily would be asserted by the plaintiffs in argument or in writing pursuant to Practice Book § 223. The burden is on the plaintiffs to prove the lack of an adequate legal remedy, but the manner of proof is different from that required on a question of fact. The finding of the court in this regard is properly set out in its conclusion that the plaintiffs had not sustained their burden of convincing the court that there was no other adequate legal remedy. As to the allegation of irreparable injury, there is no evidence whatsoever to prove that the plaintiffs would suffer such an injury.

"Thus, it is apparent that the irreparable injury which the plaintiffs alleged and assumed the burden of proving was correctly found by the court not to have been established. This finding is fatal to the plaintiffs' case. . . . Since the plaintiffs failed to prove the irreparable damage alleged, the court could not properly grant the relief prayed for even though all other essential elements were established, and it is therefore unnecessary to discuss the other assignments of error." *Crouchley* v. *Pambianchi,* supra, 226, 227.

There is no error.

In this opinion the other judges concurred.