GEORGE KOEPPER *v.* FRANK C. EMANUELE ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 11—decided December 20, 1972

*Edwin A. Lassman,* for the appellant (plaintiff).

*Lee G. Kuckro,* with whom, on the brief, were *Leon RisCassi* and *William R. Davis,* for the appellee (named defendant).

BOGDANSKI, J. This is an action for an injunction to restrain the defendant liquor control commission from issuing a restaurant liquor permit to the named defendant Frank C. Emanuele, hereinafter called the defendant, and to restrain him from operating a restaurant serving intoxicating liquor

on the ground that the granting of the liquor permit was in violation of an existing zoning ordinance of the town of South Windsor. The trial court denied the injunction and rendered judgment for the defendants, from which the plaintiff has appealed.

The unattacked portions of the court's finding disclose that the defendant made application for a restaurant liquor permit for premises at 985 Sullivan Avenue, South Windsor, in the Sullivan Shopping Plaza; that the plaintiff George Koepper is a resident and taxpayer of the town and is the permittee of a cafe liquor outlet located 918 feet from the defendant's restaurant.

The trial court further found that an ordinance of the town of South Windsor states that the storefront leased by the town in the Sullivan Shopping Plaza is not a library and that the storefront by definition is not a library. We note that the appendices make no reference to such an ordinance and we have been unable to find such an ordinance. See General Statutes § 52-163; *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591. The evidence that may have induced this finding was the testimony of the zoning enforcement officer who testified: "The ruling by the town attorney says that it is not a library. It's just being leased as a library." Section 3.12.1 of the zoning ordinance of the town of South Windsor reads as follows: "No premises shall be used, and no building shall be designed, erected or altered to be used, for the storage for the purpose of sale or exchange of spirituous and alcoholic liquors, either at retail or wholesale, whether for consumption on the premises or otherwise, if any part of such building or premises is located: (a) Within 500 feet of any part of a lot used, or reserved to be used for a . . . library."

The finding of facts, as corrected, shows that the storefront being leased by the town in the Sullivan Shopping Plaza is presently being used as a library in the town and is approximately 100 feet from the defendant's premises. A library is a library within the meaning of the ordinance whether located in a leased storefront or in a town building. As already noted, the ordinance forbids the use of premises for the sale of alcoholic beverages within 500 feet of any part of a lot used for a library. The record compels a conclusion that the court was in error in finding that the South Windsor library is not a library. Clearly, the sale of alcoholic beverages on the defendant's premises within 500 feet of the library is in direct violation of the South Windsor zoning ordinances, and the issuance of a permit for such sale by the liquor control commission was in direct violation of § 30-44 of the General Statutes, which expressly provides that "[t]he commission shall refuse permits for the sale of alcoholic liquor . . . (2) where prohibited by the zoning ordinance of any city or town."

Even though the court erroneously concluded that the granting of the permit was not contrary to the provisions of § 30-44 of the General Statutes, this error is not decisive in view of the plaintiff's failure to plead and prove facts which would justify the injunctive relief which he sought. See *Bendell* v. *Johnson,* 153 Conn. 48, 52, 212 A.2d 199; *Lavitt* v. *Pierre,* 152 Conn. 66, 77, 203 A.2d 289.

In a paragraph of the complaint the plaintiff alleged that his "justiciable interests have been injured" and that he "will suffer irreparable injury for which he has no adequate remedy at law." Nevertheless, the plaintiff offered no evidence of irreparable injury either at the hearing before the

commission or before the trial court. The record here is completely devoid of any specification of fact or proof to support an allegation of irreparable injury which must be found to support injunctive relief. Special damage must be found to support injunctive relief. Equity will not grant the extraordinary remedy of injunction unless there appears to be a danger of actual and substantial damage of a nature special to the plaintiff. *Kammerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175; see also *Bendell* v. *Johnson,* supra, 58, 62; *Lavitt* v. *Pierre,* supra, 76.

Even where the danger of irreparable injury is shown, the granting of an injunction is not mandatory but within the sound discretion of the court. Until it is shown that the court's discretion was abused, there can be no reversal of the court's action in denying the injunction. *Platt Bros. & Co.* v. *Waterbury,* 72 Conn. 531, 554, 45 A. 154; 42 Am. Jur. 2d, Injunctions, § 24. Neither the requisite damage nor abuse of discretion has been shown.

There is no error.

In this opinion the other judges concurred.