WATERBURY TEACHERS ASSOCIATION ET AL. *v.* CIVIL
SERVICE COMMISSION OF THE CITY OF
WATERBURY ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 7—decision released July 31, 1979

*Kevin T. Nixon,* for the appellants (plaintiffs).
*John F. Phelan,* for the appellees (defendants).

SPEZIALE, J. This is an appeal by the plaintiffs,
the Waterbury Teachers Association (hereinafter
W.T.A.), a voluntary association comprised of, and

representing, certified professional teachers in the public school system of the city of Waterbury, and twelve individually named plaintiffs who are teachers and members of the W.T.A.[1] The trial court denied the plaintiffs' claim for injunctive and other relief against the defendants: the Waterbury Civil Service Commission (hereinafter commission); the Waterbury Board of Education (hereinafter board); the city's personnel director, Donald P. Otto; and Annie Booker and Michael Pace, two applicants[2] for certain principal positions in the Waterbury school system. The plaintiffs had alleged irreparable harm as a consequence of the permission given to Booker and Pace to take the civil service examinations for the principal positions. It was claimed that the two had not fulfilled the qualifications listed on a notice that was posted regarding requirements, and had thus been allowed illegally to take the examinations. The twelve individually named plaintiffs all held principal or vice principal positions in the school system. The trial court found the issues for the defendants and denied the plaintiffs' request for a temporary and permanent injunction. This is the appeal by the plaintiffs from that judgment.

In April, 1976, the defendant commission posted notices for examinations for the following vacancies in the Waterbury school system:

1. Elementary school supervising vice principal (hereinafter SVP)—four positions.

---

[1] The names listed in the summons are as follows: Janice Sambuco, Michael Valente, William Synott, John Cicchetto, Harold Petteway, Daniel D'Alessio, Joseph Meaney, Philip Sirignano, John Cleary, Harold Colbassani, Omar Clukey and Matthew Guarini.

[2] As to a third applicant defendant, Antoinette McKnack, no testimony was introduced, and the trial court and the parties have treated the complaint against her as withdrawn.

2. Elementary school principal II (hereinafter PII)—four positions.

3. Elementary school principal III (hereinafter PIII)—one position.

The posted notice for each vacancy listed the qualifications required to take the examination, as follows: The notice for the SVP position required that the applicant have, "or will have within six (6) months," eight years' experience as an elementary school teacher, two years of which shall have been as an elementary school teaching vice principal. The notice for the PII position required that the applicant have, "or will have within six (6) months," one year's experience as an elementary school supervising vice principal. The notice for the PIII position required that the applicant have, "or will have within six (6) months," two years' experience as an elementary school principal II.

Prior to August 2, 1976, the defendant Booker had filed an application to take the examination for SVP, PII and PIII. Her application was denied by the city's personnel department because her experience did not fit the "technical categories" required in the notice. Booker successfully appealed the decision rejecting her application to the commission. Based on the professional opinion of Michael F. Wallace, superintendent of the Waterbury schools, the commission gave Booker credit for her time spent as director of the early childhood program, a federally funded program in the school system. It decided that the experience in that program was equivalent to the experience required to take the examination for the three positions. Similarly, Michael Pace's application to take the PII exam was initially denied, appealed by Pace, and then

accepted by the commission. Based on the professional opinion of Theodore Martland, deputy superintendent of the city's schools, the commission gave Pace credit for his experience as overall coordinator of the alternative school program, a federally funded program in the Waterbury school system, and decided that such experience was equivalent to the experience necessary to qualify for the PII exam. Pace's application to take the SVP exam had been accepted initially. Both Booker and Pace placed high in the examination results. Booker ranked first for the PII and PIII positions, and Pace placed second for the SVP and PII positions.

The plaintiffs filed a grievance with the defendant commission which was heard on March 28, 1977, and which was denied on April 5, 1977. Thereafter, the plaintiffs sued for injunctive relief, which the trial court denied. From that decision the plaintiffs have appealed.[3]

The trial court found that an effort has been made by the commission to provide flexible job requirements in order to include all qualified persons with acceptable experience and training. Moreover, the commission's regulations state that "[t]he use of a particular description as to duties, qualifications or other factors should not be held to

[3] In their assignment of errors the plaintiffs have claimed, inter alia, that the trial court erred in refusing to find certain facts set forth in their draft finding and in finding some facts without evidence. To the extent that the plaintiffs attack the finding based on the testimony of witnesses, the question of credibility is involved, which must be left to the trier's determination. *Dombrowski* v. *Dombrowski*, 169 Conn. 85, 86–87, 362 A.2d 907 (1975). Nor are other additions to the finding warranted, because some of the proposed additions are merely restatements of facts already in the finding, and the rest would be immaterial to this appeal. *Dick* v. *Dick*, 167 Conn. 210, 213n, 355 A.2d 110 (1974); *Cleveland* v. *Cleveland*, 165 Conn. 95, 96, 328 A.2d 691 (1973).

exclude others of a similar kind or quality." Accordingly, the trial court also found that Booker's experience was equivalent to the two years as a teaching vice principal required for taking the SVP exam, to the one year as a SVP necessary for taking the PII exam, and to the two years as a PII to qualify for taking the PIII exam. It was also found that Pace's experience equaled the one year requirement as a SVP to take the PII exam.

The plaintiffs claimed, inter alia, that they would suffer irreparable harm from the inclusion of Booker's and Pace's names on the eligibility lists and that they had no adequate remedy at law. The trial court denied those claims and found that the plaintiffs were unable to show actual harm. We hold that the trial court did not err in this decision. The questions of irreparable harm and availability of an adequate remedy at law are threshold issues which a trial court must first consider before it can determine whether injunctive relief is warranted. *Hartford* v. *American Arbitration Assn.*, 174 Conn. 472, 476, 391 A.2d 137 (1978). Therefore, in this case, the trial court's decision concerning the issue of irreparable harm is dispositive of the appeal.[4]

"In . . . [their] prayer for equitable relief, the plaintiff[s] . . . [were] claiming the extraordinary remedy of an injunction. This is a power that courts exercise cautiously. A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction. *Stocker*

---

[4] Because we agree with the trial court that the plaintiffs failed to prove their allegations of irreparable harm, we need not address the issue of the legality of the commission's actions.

v. *Waterbury,* 154 Conn. 446, 449, 226 A.2d 514 (1967); *Theurkauf* v. *Miller,* 153 Conn. 159, 161, 214 A.2d 834 (1965); *Stapleton* v. *Lombardo,* 151 Conn. 414, 416, 198 A.2d 697 (1964)." *Hartford* v. *American Arbitration Assn.,* supra. The plaintiffs alleged irreparable harm, but the trial court found that the plaintiffs failed to prove that they would be harmed by the inclusion of the names of Booker and Pace on the eligibility list. Unless this finding is incorrect, it is fatal to the plaintiffs' case. *Crouchley* v. *Pambianchi,* 152 Conn. 224, 226, 205 A.2d 492 (1964).

In the exercise of its discretion, the trial court determined that the injunctive relief requested was inappropriate. " 'Even where the danger of irreparable injury is shown, the granting of an injunction is not mandatory but within the sound discretion of the court. Until it is shown that the court's discretion was abused, there can be no reversal of the court's action in denying the injunction.' *Koepper* v. *Emanuele* . . . [164 Conn. 175, 178, 319 A.2d 411 (1972)]; see *Crouchley* v. *Pambianchi,* 152 Conn. 224, 226–27, 205 A.2d 492 (1964)." *Hartford* v. *American Arbitration Assn.,* supra, 477–78. The extraordinary remedy of an injunction is not warranted on the face of this record: it does not appear that immediate, irreparable, great and lasting harm will ensue if the actions of the defendants are not enjoined. Spelling & Lewis, A Treatise on the Law Governing Injunctions §§ 30, 33, 35 (1926); see generally, Fiss, Injunctions pp. 9–24 (1972). The individual plaintiffs sought to prove irreparable injury but failed to sustain that burden. The testimony which they emphasized in their brief and appendix does not furnish a basis for this court to overturn the trial court's decision, because they merely referred to the decreased *chances* for advancement as a

result of the inclusion of the names of Booker and Pace on the examination lists and to the "concern and upset" felt by them and other W.T.A. members. A diminution in opportunity and the emotional reaction thereto do not constitute irreparable harm. Nor did the W.T.A. carry the burden of proving irreparable harm: it described the impact of the denial of an injunction as being that the association "isn't worth belonging to." The trial court did not abuse its discretion in concluding that this evidence was not sufficient for a finding of the type of injury that would require the court to exercise its equitable powers and grant the extraordinary relief requested.

There is no error.

In this opinion the other judges concurred.