CONNECTICUT MOBILE HOME ASSOCIATION, INC., ET AL.
*v.* JENSEN'S, INC.

LOISELLE, BOGDANSKI, LONGO, PETERS and SIDOR, Js.

Argued March 8—decision released August 7, 1979

*Roger Sullivan,* with whom, on the brief, was *William Beekman,* for the appellants (plaintiffs).

*William R. Moller,* with whom were *Wesley W. Horton* and, on the brief, *David L. Fineberg,* for the appellee (defendant).

LONGO, J. This action seeking declaratory and injunctive relief was brought by the named plaintiff, an association of mobile home owners (hereafter the association), and Frank and Hazel Recor, residents of a mobile home park owned by the defendant.[1] The plaintiffs alleged that the defendant had sought to compel the Recors and other members of the association to execute a "Rental Agreement" that included terms in violation of General Statutes § 21-82 (Rev. to 1977), and the model rental agreement established by regulations of the real estate commission. The plaintiffs sought a declaratory judgment determining whether the lease provisions were valid, whether the defendant had acted in violation of statute by adopting the provisions in question and whether any such leases that members of the association had executed were void. The plaintiffs also sought an injunction restraining the defendant from representing that such leases had been approved by the real estate

---

[1] Although in their complaint the plaintiffs purported to represent a class composed of all tenants residing in the defendants' mobile home parks in the state, the record fails to disclose that the plaintiffs obtained from the court a finding that they had satisfied the prerequisites for a class action set forth in Practice Book, 1963, § 52 (1) (now Practice Book, 1978, § 87). See General Statutes § 52-105; *Cutler* v. *MacDonald,* 174 Conn. 606, 608n, 392 A.2d 476 (1978).

commission and from representing to the plaintiffs "that they must sign the . . . 'Rental Agreement' or be subject to eviction." The defendant filed a demurrer to the complaint on the ground that the plaintiffs had failed to exhaust their administrative remedies. The court sustained the demurrer and, on the plaintiffs' failure to plead over, judgment was rendered for the defendant. The plaintiffs have appealed to this court, claiming that the court erred in (1) concluding that the plaintiffs could obtain adequate relief from available administrative remedies, and (2) sustaining a general demurrer to the entire complaint.

It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977); *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 282, 362 A.2d 1354 (1975); see 3 Davis, Administrative Law § 20.01; General Statutes §§ 4-175, 4-183.[2] The plaintiffs do not dispute this principle but argue that the administrative remedy available in this case by resort to the real estate commission is not "adequate"; thus, it is claimed, the exhaustion requirement may be dispensed with. See *Bianco* v. *Darien,* 157 Conn. 548, 554, 254 A.2d 898 (1969). We must examine the complaint to determine whether the plaintiffs were required to exhaust an administrative remedy before the Superior Court could entertain this action. Whether prior recourse to

[2] Section 4-183 (a) of the General Statutes provides in part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal . . . ."

the agency will be required will depend on the injury alleged and the administrative remedy available. We examine first that portion of the complaint supporting the prayer for declaratory relief.

The plaintiffs sought a judgment declaring certain provisions of the lease invalid and declaring leases executed with such provisions void. The real estate commission has the authority, under General Statutes § 4-176, to issue a declaratory ruling on the applicability of any statute or any regulation promulgated by it. This grant of authority includes the power to interpret statutes and regulations. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 356–57. If provisions of a mobile home park lease are contrary to statute or to regulation, as the plaintiffs here allege, the commission has the power to so conclude in a declaratory ruling. The plaintiffs, who could have petitioned for such a ruling, chose, instead, to bypass their administrative remedy and commence this action. This conduct contravened the clear mandate of § 4-175, which states that "[a] declaratory judgment may not be rendered unless the plaintiff has requested the agency to pass upon the validity or applicability of the regulation . . . and the agency has either so acted or has declined to exercise its discretion thereunder."

The plaintiffs have presented us with no reason why this relief is inadequate, and we can conceive of none. It is, first, inaccurate to characterize, as do the plaintiffs, the powers of the commission in this matter as "peripheral." The terms and content of a rental agreement between a mobile home park tenant and park owner are regulated in the minutest detail as to what terms must be included; see Gen-

eral Statutes § 21-82; Regs., Conn. State Agencies § 21-82-1; and as to what terms may not be included. General Statutes § 21-83. The commission, moreover, has the power to revoke the license of a mobile home park owner for violation of statute or regulation; General Statutes § 21-71; to impose a fine of between fifty and three hundred dollars for each day that a violation continues; General Statutes § 21-71; and to prevent the park owner from collecting rents once the license is revoked; General Statutes § 21-73. It is not the plaintiffs' preference for a particular remedy that determines whether the remedy before the agency is adequate; see, e.g., *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 357; and an administrative remedy, in order to be "adequate," need not comport with the plaintiffs' opinion of what a perfect remedy would be. Should the commission decide that the lease provisions violate statute or regulation, there is no reason why a court action for appropriate relief could not then be commenced. It is thus difficult to imagine, on the facts of the present case, a more effective panoply of remedies than those we have described above. If the plaintiffs had sought relief from the commission and obtained a ruling declaring the rental agreement invalid, the defendant would have been compelled to comply with the commission's decision or face fines and the interruption of its business. Finally, it is of more than casual significance that, subsequent to the trial court's ruling sustaining the defendant's demurrer in the present case, the individual plaintiffs *did* pursue the administrative process by requesting a ruling from the real estate commission as to the validity of the rental agreement presently at issue. The commission, on July 27, 1978, rendered a deci-

sion upholding the validity of the rental agreement, from which the plaintiffs have appealed. See *Recor* v. *Real Estate Commission,* Civ. No. 2304 99D, Hartford-New Britain Judicial District. Therefore, the central issue presented in this case has, after a proper initial resort to the administrative process, been preserved for judicial review.

In *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, we were presented with many of the claims made by the present plaintiffs. In holding that Connecticut Life had an adequate administrative remedy in the form of a declaratory judgment before the insurance commissioner, we noted that "C.L.H.I.G.A. has failed to demonstrate any way in which it will be injured by being forced to pursue its administrative remedy"; id., 359; and concluded that "[t]he doctrine of exhaustion [of administrative remedies] is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. To allow a party seeking a declaratory judgment to bypass the entire process . . . would be to interject an unnecessary and potentially confusing element into an otherwise well-defined area of the law." Id., 358–59; see also *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483 (1963); *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270 (1954); *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566 (1952). As in the *Connecticut Life* case, some stronger justification than that urged by the present plaintiffs is required for us to create an exception to submitting to the administrative process. See *Astarita* v. *Liquor Control Commission,* 165 Conn. 185, 190, 332 A.2d 106 (1973).

The plaintiffs also claim that the court below erred in sustaining the demurrer with respect to that portion of the complaint supporting the claim for injunctive relief. They argue that because the commission has no power to enjoin a summary process action, the court below erred in refusing to determine whether an injunction was appropriate. Although we conclude that the court properly sustained the demurrer to the injunctive relief sought, we do not base our conclusion on the exhaustion doctrine, as the trial court did. Injunctive relief is appropriate only where two conditions are met: the plaintiff must allege and prove that absent such relief he will suffer irreparable injury; and he must allege and demonstrate that he has no adequate remedy at law. *Policemen's & Firemen's Retirement Board* v. *Sullivan,* 173 Conn. 1, 12, 376 A.2d 399 (1977); *Koepper* v. *Emanuele,* 164 Conn. 175, 177–78, 319 A.2d 411 (1972). The plaintiffs contend that they, or their members, are "daily subject to the imminent threat of eviction," and that the commission's inability to enjoin a summary process action leaves them with no adequate remedy against that threat.

Where an administrative remedy does not exist; *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 281–82, 362 A.2d 1354 (1975); or is inadequate; *Bianco* v. *Darien,* 157 Conn. 548, 554, 254 A.2d 898 (1969); a party will be allowed to resort to the courts in the first instance. It is true that the commission has no injunctive power and, further, that a mobile home park owner's violation of statutes and regulations would not be a proper defense in a summary process action unless such violations affect the right to possession or the eviction action is retaliatory. General Statutes § 47a-33. For the

purpose of deciding the narrow issue before us, however, we are limited to the well-pleaded facts of the complaint which we assume to be true. *McAnerney* v. *McAnerney,* 165 Conn. 277, 282, 334 A.2d 437 (1973). An examination of the complaint reveals that although the plaintiffs seek an injunction restraining the defendant from representing to the plaintiffs "that they must sign the . . . 'Rental Agreement' or be subject to eviction," they nowhere allege that the defendant has threatened or commenced any such eviction action. See Practice Book, 1963, § 70 (now Practice Book, 1978, § 108). It was, moreover, expressly represented at oral argument by counsel for the defendant that, in fact, no summary process action had been threatened or commenced by the defendant.[3] Thus the complaint lacks the essential allegations which, if true, could support the award of injunctive relief and permit a bypass of the administrative procedure. See *Koepper* v. *Emanuele,* supra; *Bendell* v. *Johnson,* 153 Conn. 48, 51–52, 212 A.2d 199 (1965). The rule was settled early in our law; *Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 582 (1842); that "[n]o court of equity should ever grant an injunction merely because of the fears or apprehensions of the party applying for it." *Nicholson* v. *Connecticut Half-Way House, Inc.,* 153 Conn. 507, 511, 218 A.2d 383 (1966); see *Moore* v. *Serafin,* 163 Conn. 1, 11, 301 A.2d 238 (1972); *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135 (1954); *Goodwin* v. *New York, N.H. & H. R. Co.,* 43 Conn. 494, 500 (1876).

Although the plaintiffs also seek an injunction restraining the defendant from representing that

---

[3] Should eviction proceedings subsequently be commenced by the defendant, this case would, of course, take on a different complexion.

the rental agreement had been approved by the real estate commission, they do not demonstrate in their complaint that they were harmed by this conduct. They do allege that, in reliance upon those representations, certain members of the association executed the rental agreement. We cannot see how this action harmed the plaintiffs inasmuch as it in no way impinged upon their right to obtain a declaratory ruling from the commission on the validity of the provisions and then to seek appropriate administrative or legal remedies. Under these circumstances, the court did not err in sustaining the demurrer to the entire complaint.

There is no error.

In this opinion the other judges concurred.