[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Commissioner of Environmental Protection, brings this action seeking injunctive relief to enforce a final order of the commissioner requiring the defendant to make improvements and alterations to a detention basin/dam and drainage system.
A final decision and order was rendered by the commissioner on June 15, 1988. From that decision the defendant appealed to the Superior Court, and, on March 3, 1989, the Superior Court dismissed the appeal on its merits. The defendant appealed to the Appellate Court, but that appeal was withdrawn on December 12, 1989. The order became final with the exhaustion of appeal rights. See, Carothers, Commissioner v. Capozziello, 215 Conn. 82,94.
The final order requires that the defendant take specific steps to install a new drainage system by specific dates. CT Page 3636
In the present action, the commissioner seeks injunctive relief to force the defendant to comply with the commissioner's final order.
The defendant has moved to strike the prayer seeking injunctive relief.
The motion to strike replaced the demurrer in our practice.
The motion to strike, like the demurrer, is designed to test the legal sufficiency of a pleading. The motion to strike admits all facts which are well pleaded. Ferryman v. Groton, 212 Conn. 138,142.
In its original motion, the defendant asserted two grounds for the motion. The first ground claimed that the complaint was not a verified complaint as required for the issuance of a temporary injunction. In fact, the original complaint is duly verified, and that ground has been withdrawn by the defendant.
The remaining ground of the motion to strike asserts that the relief sought, that is, a temporary and permanent injunction, is not available to the plaintiff in an action seeking to enforce an order issued under General Statutes22a-402. The defendant posits that the statute authorizes the commissioner to carry out the actions required by the order and to assess the costs of such action against the person, firm or corporation owning or having care and control of the structures. General Statutes 22a-402.
From all of this, the defendant reasons that the statutory scheme provides an adequate remedy at law, and that since an adequate remedy at law exists, the plaintiff is precluded from seeking injunctive equitable relief. See, Waterbury Teachers Assn. v. Civil Service Commission, 178 Conn. 573, 577.
The defendant further seems to claim that General Statutes22a-402 provides the exclusive remedy available to the commissioner. The court does not agree with either premise.
General Statutes 22a-402, provides for the inspection of any structure and for the issuance of an order against the owner or controller of such-unsafe structure for the restoration of such structure to safe condition or for its removal. The statute also authorizes the commissioner to establish deadlines for the accomplishment of the order. The statute then provides: "If such order is not carried out within the time specified, the commissioner may carry out the actions required by the order provided the commissioner has determined that an emergency exits which presents a clear and present danger to the public safety CT Page 3637 and said commissioner shall assess the costs of such action against the person, firm or corporation owning or having care and control of the structure." General Statutes 22a-402. (Emphasis supplied.).
It appears that the remedy afforded the commissioner by General Statutes 22a-402 can be invoked only when an emergency exists which presents a clear and present danger to the public safety. Secondly, even where an emergency arises, the commissioner is afforded discretion. The words may and shall are used in this section of the statute dealing with right of the commissioner to take action. "The use of `shall' and `may' which are words `commonly mandatory and directory in connotation, [is] a factor that evidences affirmative selectivity of terms with specific intent to be distinctive in meaning. . . . [They] must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings . . . . Thus, the words `shall' and `may' should be interpreted according to their plain and ordinary meanings." Farricielli v. Personnel Appeal Board,186 Conn. 198, 203. As used here, the word may clearly means a discretionary act, not a mandatory duty. See, Seals v. Hickey,186 Conn. 337, 345. Since the commissioner is vested with discretion, it is clear that the legislature did not intend to limit the commissioner's remedies.
General Statutes 22a-6(a)(3) provides in pertinent part as follows: "The commissioner shall have the power to . . . enter orders and institute legal proceedings including, but not limited to, suits for injunctions, for the enforcement of any statute, regulation, order or permit administered, adopted or issued by him;" The use of injunctive relief was not precluded in the statute. "The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." Farricielli v. Personnel Appeal Board, id. 205.
It is clear, based upon the rules of statutory construction, that General Statutes 22a-402, did not, by its terms, create an exclusive remedy, and that General Statutes22a-6(a)(3), clearly authorizes the commissioner to seek injunctive relief to enforce the orders.
A statute should be read as a whole and interpreted so as to give effect to all its provisions. Pintavalle v. Yackanos,216 Conn. 412, 418.
". . . when a statute expressly provides for equitable CT Page 3638 remedies in addition to the ordinary legal ones, it may be presumed that there is no adequate legal remedy, because the legislature would not have provided the additional remedies if they were not needed." Burns v. Barrett, 212 Conn. 176, 193.
Even though the remedy of injunction is provided for by statute, it should be clearly understood that a judge still retains a reasonable discretion to determine whether injunctive relief is appropriate. Burns v. Barrett, id. 194.
Accordingly, the motion to strike is denied.
Heiman, J.