[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
The plaintiff has bought the present action seeking to enjoin the defendants from proceeding with a dismissal hearing until such time as an impartial hearing officer is appointed to conduct the hearing.
Based on a preponderance of the evidence produced at trial, the court finds the following material facts established:
On June 17, 1992, the plaintiff, Philip H. Schnabel, was given a "Notification of Intent to Dismiss Pursuant to Connecticut General Statutes 7-278" by the defendant, O. Paul Shew.[1] At the time of the notice, the plaintiff was on suspension from his position as police chief of the town of Rocky Hill. The defendant was acting in his capacity as town manager of Rocky Hill.
The notice of intent to dismiss listed thirty five specific grounds for dismissal. The factual basis for the dismissal came CT Page 9628 from a lawsuit, Schnabel v. Tyler, CV 88-0349210, in which Schnabel was involved as a plaintiff. The lawsuit, filed in 1988 and concluded in 1991, arose from Schnabel's defamation claim against another Rocky Hill police officer, Clyde Tyler. Tyler counterclaimed against Schnabel, in his capacity as police chief, for false imprisonment, intentional infliction of emotional distress, violation of his constitutional rights of free speech and equal protection, and abuse of process. The defendant Shew testified for Schnabel several times at the trial. The jury found for Tyler on all counts and awarded substantial damages. The jury found against Schnabel on his defamation claim.
Thereafter, on January 3, 1991, the defendant suspended the plaintiff with full pay, pending an investigation of the factual findings made in Schnabel v. Tyler. On March 17, 1992, in response to his suspension, the plaintiff filed an action in United States District Court District of Connecticut against Shew as town manager and against various officials of Rocky Hill. In that action, the plaintiff seeks relief regarding his suspension and also money damages for alleged civil rights violations. That action is now pending.
On June 17, 1992, the defendants gave a notice of dismissal to the plaintiff and scheduled a hearing pursuant to General Statutes 7-278 for June 25, 1992. The defendant states in the notice that upon review of the trial record, the jury verdict, and the report of an independent investigator commissioned by the defendant to investigate the validity of the factual findings of the jury, the defendant found just cause to dismiss the plaintiff. The hearing began on June 26, 1992 and is on-going at this time. Shew is serving as the sole hearing examiner despite plaintiff's requests that he recuse himself. The town attorney is serving as moderator of the hearing. Procedures for the hearing were set out, presumably by the defendants, in the notice of dismissal.
On July 7, 1992, the plaintiff filed a verified complaint against the defendants seeking a temporary injunction of the hearing along with declaratory judgment that General Statutes7-278 is unconstitutional as applied in this case. The plaintiff alleges that his due process rights, as guaranteed by article one, section ten of the Connecticut constitution and theFourteenth Amendment to the United States Constitution, are being violated by having the hearing before the allegedly biased CT Page 9629 defendant hearing officer Shew. Specifically, the plaintiff alleges several sources of bias:
1) the defendant, Shew, is a complainant, adjudicator, potential witness and prosecutor in the hearing;
2) the defendant, Shew, participated as a witness at the trial the results of which formed the basis for the dismissal;
3) the defendant, Shew, is a named defendant in a separate lawsuit brought by the plaintiff and pending in United States District Court;
4) the defendant, Shew, has prejudged the facts at issue in the case as evidenced by the language and tone of the notice of dismissal;
5) the defendant, Shew, is under political pressure to insure the dismissal of the plaintiff.
In his memorandum of law in support of the temporary injunction, the plaintiff argues that continuing the hearing before the allegedly biased defendant will violate his due process rights as guaranteed by article one, section ten of the Connecticut constitution and the Fourteenth Amendment of the United States Constitution. The plaintiff also argues that he will suffer irreparable harm if the hearing is allowed to continue before Shew and results in his dismissal. Further, the plaintiff argues that despite an available appeal to a town review board and to the superior court, he has no adequate remedy at law. Finally, the plaintiff argues that the equities of the case support his need for the injunction over the defendants' interest in continuing the hearings. Therefore, the plaintiff argues that the threshold requirements for a temporary injunction have been met and such relief is appropriate.
The defendants argue in their memorandum of law in opposition to the temporary injunction that, because the plaintiff has an appeal as of right to the superior court and can be awarded back pay if the court rules in his favor, the plaintiff will not lack an adequate legal remedy nor will he be irreparably harmed if the hearing goes forward. Further, the defendants argue that the plaintiff has not alleged sufficient infirmities in the hearing procedures to support his due process claims. Therefore, the defendants argue that the plaintiff has CT Page 9630 not shown that he will probably succeed on the merits of those claims. Finally, the defendants claim that the equities of the case support the continuance of the hearing.
1. Requirements for Temporary Injunctions.
A temporary injunction cannot issue unless the plaintiff shows that he will probably prevail on the merits of his claim. Murphy v. McNamara, 36 Conn. Sup. 183, 197, 416 A.2d 170
(Super.Ct. 1978). The plaintiff also has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Waterbury Teachers Association v. Civil Service Commission, 178 Conn. 573, 577, 424 A.2d 271 (1979). These allegations and proof are threshold requirements for the granting of an injunction. Id. Even where these elements are shown, the decision to grant an injunction is within the sound discretion of the court. See, e.g. Koepper v. Emanuele,164 Conn. 175, 178, 319 A.2d 411 (1972). The equities of the case should tilt decidedly in favor of the plaintiff. Hartford Electric Light Company v. Levitz, 173 Conn. 15, 21-22,376 A.2d 381 (1977).
As noted above, in order for the temporary injunction to issue, part of the plaintiff's burden of proof is to show that he will probably succeed in his claim, namely that holding his dismissal hearing before a biased hearing officer is a violation of his procedural due process rights as guaranteed by the United States and Connecticut constitutions.
II. Due Process Analysis
A. Do due process rights attach to Schnabel's dismissal?
A preliminary consideration of whether due process attaches to the plaintiff's dismissal can be summarily answered in the affirmative. When a state law provides that an employee cannot be dismissed without cause, the employee has a property interest in his or her job that is subject to due process protections. Clisham v. Board of Police Commissioner, 223 Conn. 354, 360, A.2d (1992); Cleveland Bd. of Educ. v. Loudermill,470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In the instant case, General Statutes 7-278 requires just cause for the dismissal of a police chief. This statute creates a property interest to which due process rights attach. CT Page 9631
B. What process is due?
The measure of due process is derived from a balancing of three factors: the private interest of the employee, the risk of erroneous deprivation of such interest through the state procedures used, and the burden on the government in providing additional protections. Petrowski v. Norwich Free Academy,199 Conn. 231, 235, 506 A.2d 139 (1986); Matthews v. Eldridge,424 U.S. 319, 335, 96 S.Ct. 903, 47 L.Ed.2d 18 (1976). The United States Supreme Court has consistently held that in employee terminations, due process requires that before termination, the employee should receive notice and the opportunity to respond. See, e.g. Cleveland, supra. In the instant case, the plaintiff has been afforded this minimal level of due process. A notification of his dismissal was sent to the plaintiff and a hearing date was set for him to respond to the charges.
Notwithstanding, the plaintiff claims that the alleged bias of the hearing officer, as previously noted, prevents the plaintiff from receiving a fundamental requirement of due process, namely a meaningful opportunity to be heard.
C. Does due process also require an unbiased hearing examiner at the pretermination stage?
The plaintiff has invoked the due process guarantees of both the United States and Connecticut constitutions.[2] "The due process clause of the Connecticut constitution shares but is not limited by the content of its federal counterpart." Fasulo v. Arafeh, 173 Conn. 473, 475, 373 A.2d 553 (1977). Federal interpretations of due process are persuasive on the state courts but not binding where the protection afforded by the states is greater than that afforded by the United States Constitution. State v. Oquendo, 223 Conn. 635, 649, A.2d (1992).
i. Federal due process standards for pretermination hearings.
Federal courts have generally not required that a pretermination hearing be held before an impartial body or individual if adequate post-termination remedies are available. "The failure to provide an impartial decision-maker at the pretermination stage, of itself, does not create liability, so long as the decision-maker at the post-termination hearing is CT Page 9632 impartial." Walker v. City of Berkeley, 951 F.2d 182, 183 (9th Cir. 1991); Gillard v. Norris, 857 F.2d 1095, 1100 (6th Cir. 1988); Watts v. Burkhart, 854 F.2d 839, 851 (6th Cir. 1988); Duchesne v. Williams, 849 F.2d 1004, 100 (6th Cir. 1988); Crocker v. Fluvanna County (VA) Board of Public Welfare,859 F.2d 14, 17 (4th Cir. 1988); Garraghty v. Jordan, 830 F.2d 1295,1298 (4th Cir. 1988).
The pretermination hearing is not designed to "definitively resolve the propriety of the discharge." Loudermill, supra, 545; but rather to "be an initial check against mistaken decisions — essentially a determination of charges against the employee . . . support the proposed action." Id., 546. "The full, post-termination, adversary, trial-type hearing will serve to ferret out bias, pretext, deception and corruption by the employer in discharging the employee." Duchesne, supra, 1008.
ii. Connecticut due process standards for pretermination hearings.
Notwithstanding, "[i]t is well established that federal constitutional and statutory law establishes a minimum national standard for the exercise of individual rights and does not inhibit state governments from affording higher levels of protection for such rights . . . ." (Citations omitted; internal quotation marks omitted.) State v. Geisler, 222 Conn. 672,684, A.2d (1992). Connecticut courts have adopted a broader view of due process rights at the pretermination stage than their federal counterparts. Kukenskis v. Griffith,180 Conn. 501, 730 A.2d 21 (1980); Fasulo, supra; Roundhouse Construction Corp. v. Telesco Masons Supplies Co., 168 Conn. 371,362 A.2d 778 (1968).
An essential element of due process is a hearing before an impartial and unbiased tribunal. Clisham, supra, 361; Helm v. Welfare Commissioner, 32 Conn. Sup. 595, 603 (App. Ses. 1975). This principle applies with equal vigor to administrative adjudicatory proceedings. Petrowski, supra, 235.
"The applicable due process standards for disqualification of administrative adjudicators do not rise to the heights of those prescribed for judicial disqualification." Petrowski, supra, 238; and a plaintiff asserting bias in the administrative adjudication has the difficult burden of overcoming a presumption of honesty and integrity in those serving as CT Page 9633 adjudicators. Clisham, supra, 362.
"To overcome the presumption [that the adjudicator is not biased], the plaintiff . . . must demonstrate actual bias, rather than mere potential bias . . . unless the circumstances indicate a probability of bias `too high to be constitutionally tolerable.'" Rado v. Board of Education, 216 Conn. 541, 556,583 A.2d 102 (1990), quoting Withrow v. Larkin, 421 U.S. 35, 47,95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). "In order to prove bias . . . the plaintiff must show that the adjudicator has prejudged adjudicative facts that are in dispute." Clisham, supra, 362. Further, the mere combination of investigative and adjudicative does not constitute a due process violation. Withrow, supra, 47.
Various situations have been identified in which experience teaches that the probability of bias on the part of the decision-maker is too high to be constitutionally tolerable. Withrow, supra, 47. In Brewer v. Dilieto, Superior Court, Judicial District of New Haven, docket No. 198095 (November 9, 1981), the court, Berdon, J., found that because the adjudicator wore several hats in the dismissal proceedings and made public statements prior to the proceedings indicating his intent to dismiss the plaintiff, the plaintiff's due process rights would be violated by a hearing before the biased adjudicator.
In Clisham, supra, the court found a due process violation where an adjudicator had formed an intent to have a police chief removed before even preliminary investigations of wrongdoing had begun.
III. Does the alleged bias of the hearing officer rise to the level of a due process violation?
In the instant case, the plaintiff alleges several bases for the defendant's bias:
1) the defendant is a complainant, adjudicator, potential witness and prosecutor in the hearing;
2) the defendant participated as a witness at the trial the results of which formed the basis for the dismissal;
3) the defendant is a named defendant in a separate lawsuit brought by the plaintiff and pending in United States CT Page 9634 District Court;
4) the defendant has prejudged the facts at issue in the case as evidenced by the language and tone of the notice of dismissal;
5) the defendant is under political pressure to insure the dismissal of the plaintiff.
These allegations of bias do not indicate that the defendant has based his decision to dismiss on anything but the facts of the case before him. The plaintiff has not alleged bias of the type and degree necessary to overcome the presumption that administrative adjudicators are impartial.
As noted in the above analysis, when judging bias, the Connecticut courts do not take the approach of the federal courts that bias is almost per se permissible. Rather, our courts look to whether the adjudicator has decided the case before reviewing the specific factual basis for the dismissal. In Clisham, supra, the court found that the actions and statements of one of the adjudicators, Mason, revealed an intent to dismiss the police chief before any investigation into the chief's activities and before and during the hearing for dismissal, the purpose of which was to review objectively the facts for and against dismissal. Further, in Brewer, supra, the adjudicator accused of bias had publicly stated an intent to dismiss the official in question irregardless of whether the official presented any evidence in support of his case against dismissal.
The instant case is distinguishable factually from Clisham and Brewer on the issue of prejudgment of the facts in dispute.
The plaintiff in the instant case asserts that the language of the notification of dismissal clearly shows that the defendant, Shew, has prejudged the facts of the case against the plaintiff. It is agreed that the notification indicates that the defendant believes there is just cause for the plaintiff's dismissal. Notwithstanding, there is no evidence that this belief was formed at any time prior to an objective review of the facts of this case as was found in Brewer and Clisham.
Instead, the defendant, acting in his statutorily mandated role of investigator/prosecutor, made a finding of just cause CT Page 9635 for dismissal upon review of facts established in a civil trial. There is no presumption that an adjudicator who also acts as a prosecutor is biased. Withrow, supra, 47. There is no evidence that the defendant developed any opinion about the facts of the case at any time prior to an objective review of the facts.
Further, it is important to note that Brewer is distinguishable on the ground that there was no post-termination appeal available to the plaintiff. The availability of such a remedy should be considered in judging whether due process requirements have been satisfied. Moore v. Ross, 502 F. Sup. 435,553 (S.D.N.Y. 1980). The plaintiff has available an administrative remedy in which the claim asserted here can be reviewed. Except in unusual circumstances, the administrative remedy should be exhausted before resorting to a remedy in another proceeding. There is not such a deprivation of due process as to warrant injunctive relief here. Pet v. Department of Health Services, 207 Conn. 346, 354 (1988).
The plaintiff also alleges that the defendant is biased because of his previous experience as a witness in the civil trial which established the factual grounds for dismissal. An adjudicator's familiarity with the facts of a case before him or her does not, without more, support a due process violation. Petrowski, supra, 238, 243.
The further allegations of bias, namely that the defendant is under political pressure to dismiss the plaintiff and that he is a named defendant in the plaintiff's pending civil suit, are allegations of potential bias, not actual bias, and, thus, not actionable violations of due process. Petrowski, supra, 242; Rado, supra, 556.
IV. Conclusion.
For the foregoing reasons, the court concludes that the plaintiff has failed to show that he is likely to succeed on the merits of his claim that the alleged bias of the official conducting his dismissal hearing violates his due process rights. Because the plaintiff has not met a threshold requirement for the granting of a temporary injunction, the plaintiff's other arguments in support of the injunction need not be addressed. Accordingly, the Motion for Temporary Injunction is denied.
CT Page 9636 Schaller, J.