[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kenneth Sonenclar, and the defendant, Bruce Barlag, are founders and co-shareholders of a close corporation, New Science Associates, Inc. ("New Science"). Mr. Sonenclar and Mr. Barlag each own just under forty-eight percent of the stock of the corporation for a total of approximately ninety-five percent, with the remaining percentage owned by shareholders. Through a stock incentive plan New Science is now incorporated in Delaware, with its principal place of business in Connecticut.
The present shareholders' agreement of New Science is silent with respect to any guaranty of employment and each employee signed a document (Handbook Acknowledgment Form) which stated that the employee could be terminated at will.
A majority of stockholders in New Science, by written consent, removed Vincent Kiernan as a member of the Board of Directors of the Corporation and elected Zachary Morowitz as a Director of the Corporation to serve for the remaining unexpired term of Mr. Kiernan.
Then pursuant to the by-laws of the company, a special meeting of the Board of Directors was held on September 3, 1992. Notice of this meeting was sent to all board members.
At the special meeting of the Board of Directors, the plaintiff Kenneth Sonenclar was terminated as an employee and an officer of New Science by a unanimous vote of a quorum of the Board of Directors.
The plaintiff is still on the Board of Directors of New Science as a stockholder.
The plaintiff is seeking a temporary injunction to set aside CT Page 2379 the action of the stockholders of New Science who removed Vincent Kiernan from the board of directors, and the subsequent action of the board removing the plaintiff as an officer and employee of New Science. The injunction also seeks to prohibit the issuance of stock or options, the exercise of proxies, the changing of the structure of New Science, the award of salary increases or bonuses and the entering into any voting arrangements.
The requirements for a temporary injunction for a temporary injunction have been established throughout the years and a plaintiff has the burden of:
 "(1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiff, considered together with the effect of a temporary injunction on the plaintiff and the defendant."
The Connecticut Association of Clinical Laboratories, et al v. Connecticut Blue Cross, Inc., et al, 31 Conn. Sup. 110, 113 (1973)
The Connecticut Supreme Court has stated:
 "In deciding whether [a temporary restraining order] should be granted or, if granted, whether it should be continued or dissolved, the Court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the Plaintiff and little to the Defendant, the Court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the Plaintiff is without legal right."
Olcott v. Pendleton, 128 Conn. 292, 295 (1941).
Also, "where an injury is of such a nature that it cannot be adequately compensated in damages, or cannot be measured by any pecuniary standard, it is irreparable". Connecticut Association of Clinical Laboratories, Et Al v. Connecticut Blue Cross. Inc.,31 Conn. Sup. 110, 113-114 (1973). CT Page 2380
Therefore, it is well settled that for an injunction to be issued there must be (i) an imminence of irreparable injury and (ii) the absence of an adequate remedy at law. Policemen's 
Firemen's Retirement Board v. Sullivan, 173 Conn. 1, 12 (1977), Koepper v. Emanuele, 164 Conn. 175, 178 (1972). "The question of irreparable harm and availability of an adequate remedy at law are threshold issues which a trial court must first consider before it can determine whether injunctive relief is warranted." Waterbury Teacher's Assn. v. Civil Service Commission, 178 Conn. 573, 577
(1979). "Whether there is a legal remedy is a question of law for the court. . . ." Theurkand v. Miller, 153 Conn. 159, 162 (1965).
An injunction is an extraordinary remedy which is not mandatory, but is left to the court's sound discretion even if there is a proper showing of irreparable harm. Waterbury Teachers' Assn. v. Civil Service Commission, 178 Conn. at 578. "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law". Berlin v. Olson, 183 Conn. 337, 340 (1981); Hartford v. American Arbitration Association, 174 Conn. 472, 476 (1978). "A temporary injunction should not issue where the right which the plaintiff seeks to have protected is in doubt, where the right to the relief is in doubt or except in a clear case of right." O'Connor v. United Casualty Corp., 8 Conn. Sup. 270, 272 (1940).
The applicant for a temporary injunction must prove a reasonable degree of probability of success before an injunction is granted. Griffin Hospital v. Commission on Hospital Health Care,196 Conn. 451, 457-458 (1985); Connecticut State Medical Society v. Connecticut Medical Services, Inc., 29 Conn. Sup. 474, 477-478
(1971).
If the prior requirements are met, the court also must consider the balancing of equities. In doing this, the court needs to evaluate the harm to the plaintiff and balance it against the harm to the defendants and to the public. "Where the granting of the injunction would cause damage to the defendant greatly disproportionate to the injury of which the plaintiff complains, it may he held inequitable . . . to grant an injunction and the plaintiff may be remitted to . . . (a) remedy by way of damages. Moore v. Serafin, 163 Conn. 1 (1972).
In this case the plaintiff has failed to meet the applicable legal standards for injunctive relief. While it is true that the CT Page 2381 plaintiff has suffered an injury, this injury is of the nature that can adequately be compensated by damages. The plaintiff was and continues to he a director for New Science and an almost forty-eight percent shareholder in the corporation. The relief requested by the plaintiff can be adequately addressed in damages and the plaintiff has not shown an irreparable harm.
In balancing the equities of an injunction in this case, a temporary injunction granting the plaintiff the relief requested would place a burden on New Science that outweighs that on the plaintiff.
For the corporation to exist, a cohesive working environment is needed. Even with the changes that occurred in the corporation by Ms. Restivo leaving and others being promoted, granting the plaintiff's requested relief would produce a hostile work environment that would be more detrimental to the plaintiff's interest in the corporation.
Therefore, it is the order of the court that the plaintiff's motion be denied.
HICKEY, J.