BORIS SILITSCHANU ET AL. *v.*
FREDERICK GROESBECK, JR.
(4484)

HULL, SPALLONE and BIELUCH, Js.

Argued March 12—decision released August 11, 1987

*John Timbers,* for the appellants (plaintiffs).

*James E. O'Donnell,* with whom, on the brief, was *Daniel D. McDonald,* for the appellee (defendant).

HULL, J. The plaintiffs brought suit against the defendant seeking to enjoin him from constructing a commercial building and a septic tank for that building on residential property adjoining the commercial lot. After a trial to an attorney state trial referee, the court rendered judgment for the defendant, denying

the plaintiffs' request for injunctive relief. From that judgment, the plaintiffs have appealed, claiming (1) that the referee applied an incorrect standard of law to the facts of the case, (2) that he erred in failing to consider testimony of the chief zoning enforcement officer of the city of Stamford, and (3) that he erred in holding that the plaintiffs were not injured by the defendant's actions.

The referee found the following facts. Prior to 1951, there were several small business areas in the rural or outlying sections of Stamford. On or about November 30, 1951, the city of Stamford, newly consolidated with the town of Stamford, adopted zoning regulations for these outlying areas. Between 1977 and 1980, the defendant acquired and consolidated four parcels of land, totalling under one and one-half acres. Some time during that period, the defendant consulted an architect concerning the preparation of plans for the construction of a three-story office building on the one half acre of land that was zoned for commercial use.[1] The plan called for the septic system for the building to be on the adjoining residential property. A map designating the consolidation of the land was submitted to the Stamford town clerk, and subsequently was referred to the planning board and the corporation counsel. The map was later accepted for filing.

On July 29, 1980, the defendant applied for a building permit for his proposed building. He promptly applied to the necessary boards and agencies for approval of his building plans. Various agencies delayed action on the defendant's request, and ultimately refused to issue the necessary permits. The defendant eventually instituted a mandamus action against the zoning enforcement officer, the building inspector, the deputy building inspector and the municipal engineer.

[1] The remaining land was zoned for single-family residential use.

On July 30, 1981, the court found in favor of the defendant (the plaintiff in that action), and ordered that the requested building permit be issued.[2] On August 12, 1981, the zoning enforcement officer and the building inspector issued the defendant a building permit. The defendant received the necessary sewer construction permit from the local health department,[3] and began construction soon thereafter. At the time of oral argument, the building was substantially completed.

The complaint in the present action was filed in the Superior Court on November 24, 1981. In their complaint, the plaintiffs[4] sought, inter alia, a permanent injunction prohibiting the defendant from continuing construction, and ordering him to dismantle any parts of the building already constructed. The two major claims made by the plaintiffs in support of injunctive relief were (1) that the location of the septic system on residentially zoned property violates the Stamford zoning regulations, and (2) that the location of the proposed building is in violation of the Stamford zoning regulations with regard to the rear and side yard requirements.

The referee filed a detailed and comprehensive report. He found that there is nothing in the Stamford zoning regulations governing subsurface sewage dis-

---

[2] See *Groesbeck* v. *Sotire,* 1 Conn. App. 66, 467 A.2d 1245 (1983). The city of Stamford and its building inspector and zoning enforcement officer, James Sotire, appealed to this court from the trial court's judgment. The appeal was dismissed on grounds of mootness because the building permit had already been issued.

[3] See Connecticut Public Health Code § 19-13-B103 et seq.

[4] In the Superior Court action, there were five plaintiffs. The properties of two plaintiffs, Boris Silitschanu and Fred Mantel, adjoin the defendant's property. The properties of the remaining three plaintiffs, John Naylor, Newcomb Barger and Grace Ramos Maiola, are closely situated to the defendant's property.

On March 6, 1987, while this appeal was pending, the plaintiffs Mantel and Maiola moved this court to drop them from the appeal. That motion was granted.

posal systems and their location; nor do the regulations make any specific reference to septic systems. He concluded that the defendant is entitled to proceed with the construction of the proposed building notwithstanding the fact that the septic system which will serve the building is on residentially zoned property.

The plaintiffs claimed that if the septic system were located on the commercially zoned portion of the Groesbeck's property, the size of the proposed building would necessarily be smaller. The plaintiffs also claimed that the proposed building would result in an increase of traffic. The referee found (1) that the plaintiffs offered no evidence as to the size or precise location of such a smaller building on the property, (2) that the plaintiffs did not sustain their burden of proof as to the extent of any injury or damage that will be sustained by reason of the size of the building, and (3) that, even if the referee assumed the use of residentially zoned property for the septic tank to be improper, the plaintiffs failed to show that it would result in any harm to them.

In light of his conclusion that the plaintiffs offered no evidence that the building's septic system will differ in any material way from septic systems pertaining to residential structures, the referee concluded that the plaintiffs had failed to show that the residential property in question would be used in a manner inconsistent with zoning. He concluded further that use restrictions on the residential portion of Groesbeck's property protect the property from use inconsistent with its residential classification and are not intended to serve as indirect limits on the size of buildings constructed on adjoining commercial property.

The referee also found that the location of the proposed building met the side yard, rear yard and setback requirements of the Stamford zoning regulations.

He concluded from all his findings that the plaintiffs were not entitled to any relief, injunctive or otherwise. On August 26, 1985, the court accepted the referee's findings and the next day rendered judgment for the defendant.

## I

The plaintiffs' first claim is that the referee erred in adopting an unprecedented and incorrect standard for determining whether the septic system for a commercial building can be located on residentially zoned property.[5] They argue in effect that the defendant's septic system *is* subject to the Stamford zoning regulations.

Connecticut appellate courts have never squarely faced the issue of whether, absent specific reference, septic systems are subject to local zoning regulations. "Zoning regulations, being in derogation of common law property rights, should not be extended by construction beyond the fair import of their language and cannot be construed to include by implication that which is not clearly within their express terms. *Park Construction Co.* v. *Planning & Zoning Board of Appeals,* 142 Conn. 30, 35, 110 A.2d 614 [1954]; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 638, 109 A.2d 256 [1954] . . . ." (Cita-

---

[5] The defendant claims that the plaintiffs have "waived any right to attack the subordinate factual findings" of the attorney state trial referee, as they did not properly file a motion to correct and an exception to the referee's report. He cites *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 106, 496 A.2d 994 (1985), and *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 507–509, 508 A.2d 415 (1986), in support of his claim. *Ruhl* v. *Fairfield,* supra, states that "[a]bsent a motion to correct and a subsequent exception to the report . . . [t]his court is limited to considering whether the 'facts found and the conclusions reached in the report are adequate to support the judgments.' " The plaintiffs' claims, however, do not refer only to factual findings, as the defendant asserts. The claims are based on assertions of legal error. In order to determine whether the facts and conclusions reached were reasonable, it is essential that we consider the plaintiffs' argument that the law applied was incorrect.

tion omitted.) *J & M Realty Co.* v. *Board of Zoning Appeals,* 161 Conn. 229, 233, 286 A.2d 317 (1971).

"[E]very owner of property located in a town which has adopted zoning is entitled to be able to ascertain, with reasonable certainty, what uses he may legally make of any portion of his property. *Leveille* v. *Zoning Board of Appeals,* 145 Conn. 468, 473, 144 A.2d 45 [1958]." *Lebanon* v. *Woods,* 153 Conn. 182, 191, 215 A.2d 112 (1965).

As the defendant correctly asserts, the plaintiffs have referred us to nothing in the Stamford zoning regulations, nor has our review of the record revealed any provision governing subsurface sewage disposal systems. The regulations make no specific reference to septic systems. The plaintiffs rely only on the broad, general "purpose" language of the zoning regulations in support of their contention. Art. 1, § 2 of those regulations provides that "[n]o building or structure shall be erected, reconstructed, structurally altered, enlarged, moved or maintained, nor shall any building, structure or land be used or be designed for any use other than is permitted in the district in which such building, structure or land is located."

The definitional section of the zoning regulations defines "structure" as "[a]nything constructed or erected which requires location on the ground or attached to something having a location on the ground." Stamford zoning regs., art. II, § 3 (A) (97). We concur with the referee that under these definitions, no structure or land is being used for any use other than for a septic system, which is permitted in a residential zone.

The plaintiffs have directed us to no case which supports their claims concerning the septic system. Nor has our research revealed any such authority. Reasoning by analogy, we have examined cases concerning

commercial or institutional parking lots on residential land adjoining the principal operation. See *Schomer* v. *Shilepsky,* 169 Conn. 186, 190, 363 A.2d 128 (1975); *Gada* v. *Zoning Board of Appeals,* 151 Conn. 46, 48, 193 A.2d 502 (1963). Those cases enunciate the general proposition that such a use is improper. We concur fully with the conclusions of these cases. A parking lot is clearly a structure on the ground. It substitutes paving for whatever environmental amenities existed on the property. Depending on the size and use of the lot, it takes little imagination to envision the inconvenience and annoyance that might ensue to adjoining residential owners.

None of the persuasive reasons leading to the finding of impropriety of large scale institutional or business parking lots on adjoining residential property inheres in the use of septic tanks on such adjoining property. We therefore find that the referee did not err in determining that the defendant's septic system was not subject to the Stamford zoning regulations.

## II

The plaintiffs' second claim is that the referee failed to consider the testimony of the chief zoning enforcement officer, who assumed that a building's zoning classification turns on the use of the building rather than the physical nature and characteristics of each of its parts. As we have determined that the plaintiffs failed to meet their burden of proving that the defendant's septic system is in any way subject to the Stamford zoning regulations, any interpretation by a zoning enforcement officer of the zoning regulations would be meaningless. We therefore will not consider this claim.

## III

The plaintiffs' final claim is that the referee erred in holding that the plaintiffs are not injured by the

defendant's violations of the Stamford zoning regulations. We concur with the referee's finding that even if the Stamford zoning regulations prohibit the placement of the defendant's septic system on his adjoining residential property, the plaintiffs have failed to prove that they are entitled to an injunction. " 'The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court, and the justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one founded on the imminence of substantial and irreparable injury. *Bendell* v. *Johnson,* 153 Conn. 48, 51, 212 A.2d 199 [1965]; 42 Am. Jur. 2d, Injunctions, §§ 48, 49; see *Herbert* v. *Smyth,* 155 Conn. 78, 85, 230 A.2d 235 [1967]; *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135 [1954].' *Scoville* v. *Ronalter,* 162 Conn. 67, 74, 291 A.2d 222 [1971]. It is not enough to show that the defendant has violated the zoning regulations. The plaintiff seeking injunctive relief bears the burden of proving facts which will establish irreparable harm as a result of that violation. See *Scoville* v. *Ronalter,* supra; *Crouchley* v. *Pambianchi,* 152 Conn. 224, 226, 205 A.2d 492 [1964]; *Lavitt* v. *Pierre,* 152 Conn. 66, 77, 203 A.2d 289 [1964]; *Lehmaier* v. *Wadsworth,* 122 Conn. 571, 191 A.2d 539 [1937]. . . .

"Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case; *DeCecco* v. *Beach,* 174 Conn. 29, 35, 381 A.2d 543 [1977]; *Moore* v. *Serafin,* 163 Conn. 1, 11, 301 A.2d 238 [1972]; *Nicholson* v. *Connecticut Half-Way House, Inc.,* 153 Conn. 507, 511, 218 A.2d 383 [1966]; and likewise the power of equity to grant such relief may be exercised only under demanding circumstances. *Brainard* v. *West Hartford,* [supra, 634].

The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm. *Moore* v. *Serafin,* supra; *Scoville* v. *Ronalter,* supra." *Karls* v. *Alexandra Realty Corporation,* 179 Conn. 390, 401–402, 426 A.2d 784 (1980).

The trial referee concluded that "[s]ince the Plaintiffs have offered no evidence to show that the building's septic system and rear yard will differ in any material way from septic systems and rear yards pertaining to residential structures, they have failed to demonstrate that the residential property in question is being used in a manner inconsistent with its zoning classification." We agree. We have reviewed the record and conclude that the trial court did not abuse its discretion in denying the plaintiffs' requested injunction.

There is no error.

In this opinion SPALLONE, J., concurred.

BIELUCH, J., dissenting. I do not concur in the majority's holding that the defendant's subsurface sewage disposal system (septic system) is not subject to the Stamford zoning regulations, and that the location on residentially zoned land of a septic system attached and necessary to the occupancy of the defendant's commercial building on adjoining land zoned for business is not in violation of the city's zoning ordinance. This is a case of first impression in which the defendant is attempting to evade the common zoning principle that business uses cannot encroach on residential proper-

ties. The majority's opinion is unsupported by the zoning regulations of Stamford applicable to the facts of this case.

Zoning is predicated upon the restrictive classification of private property in the interest of promoting public health, safety and general welfare, as well as encouraging the most appropriate use of land and to conserve and stabilize its value. The defendant's proposed installation on residential property of a septic tank and leaching field for disposal of sewage from a commercial building on adjoining property zoned for business violates these basic principles, as well as the Stamford zoning regulations adopted for their implementation.

The following facts are established by the findings of the attorney state trial referee, the record of the trial court and the exhibits therein. Between March 8, 1977, and March 13, 1980, the defendant acquired four adjoining properties on the easterly side of Old Long Ridge Road, Stamford. The first three parcels were zoned RA-1, single-family residence district, and the last parcel acquired was zoned C-N, neighborhood business district. By a straw transaction on August 5, 1980, these properties were combined into a single lot, a map of which was filed in the town clerk's office.

The defendant's site plan shows the following zoning computations: "Total Lot Area = 1.2439 acres or 52,940.38 square feet";[1] area of property within C-N zone 19,054.11 square feet, or 0.4374 acre; area of property within RA-1 zone 33,886.28 square feet or 0.7779 acre. The site plan discloses further that the building is located within the area of the C-N business zone, with the side and rear walls in close proximity to the zone

---

[1] Since an acre consists of 43,560 square feet, this conversion is inaccurate. The indicated square footage of the total area, however, is the correct sum of the portions measured for the business and residential zones.

boundary. In order to meet the requirements of off-street parking of at least 50 cars, the entire basement consists of a parking garage for 52 cars. Since the basement underneath the superstructure is insufficient to allow for the required parking, the substructure of the building extends underneath the front yard to within ten feet of the street line. This underground extension of the building contains space for the parking of seventeen vehicles and installation of an electric transformer. There is, therefore, no ground area remaining for the installation of a septic system on the land zoned for business.

James J. Sotire, building official and zoning enforcement officer for the city, testified that in his opinion the septic system, similar to a subterranean parking garage, would be a commercial structure in a residential zone supporting and connected to the principal building in the business zone. He stated that all parts of the commercial building must be located on the land zoned for business. A swimming pool, also constructed below grade, is considered by his office to be a structure within the meaning of that term in the zoning regulations. The only specific mention of "sanitary disposal systems" in the zoning regulations is found in the provisions for excavation permits. Under the building code, he stated, a building cannot be constructed without sanitary facilities, either by connection to a sanitary sewer, which is not available in the area involved, or by installation of a septic system. In this case, therefore, a septic system is a necessary structure for the construction and occupancy of the defendant's office building.

In holding that the defendant's septic system is not subject to the Stamford zoning regulations, the majority opinion misconstrues the nature and terms of those regulations. The majority reasons as follows: (1) septic systems are not specifically mentioned in the

regulations; (2) zoning regulations cannot be extended beyond their literal expression; and (3) septic systems do not fall within the definition of a structure, *which requires location on the ground;* "[w]e therefore find that the referee did not err in determining that the defendant's septic system was not subject to the Stamford zoning regulations."

Article I, § 2 (A), of the Stamford zoning regulations, considered by the majority as inconsequential "broad, general 'purpose' language of the zoning regulations," sets forth the comprehensive and definitive scheme of zoning for the city in these basic terms: "No building or structure shall be erected, reconstructed, structurally altered, enlarged, moved, or maintained, nor shall any building, structure or land be used or be designed for any use other than is permitted in the district in which such building, structure or land is located." In the light of these clear statements, the regulations are intended to be permissive and not prohibitive. *Bradley* v. *Zoning Board of Appeals,* 165 Conn. 389, 394–95, 334 A.2d 914 (1973). "Under these regulations no use is permissible within a given zone unless it is expressly authorized. *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785 [1957]." *Schwab* v. *Zoning Board of Appeals,* 154 Conn. 479, 481, 226 A.2d 506 (1967). A use not permitted in the regulations is thereby prohibited.

The majority view of the zoning regulations does not recognize their design and considers them to be prohibitive, rather than permissive. The majority holds that since "[t]he regulations make no specific reference to septic systems . . . [w]e therefore find that the court did not err in determining that the defendant's septic system was not subject to the Stamford zoning regulations." I would find that the trial referee's "authorizing a use nowhere permitted in the zoning regulations

was not 'in harmony' with those regulations and clearly amounted to an amendment thereto." *Bradley* v. *Zoning Board of Appeals,* supra, 395–96.

A septic system is a structure within the terms of the Stamford zoning regulations. Article II, § 3 (A) (97) of those regulations, defines a "structure" as "[a]nything constructed or erected which requires location on the ground *or attached to something having a location on the ground."* (Emphasis added.) The trial referee and the majority limit the scope of the definition to construction on the ground. The disjunctive "or," however, extends the meaning to construction below ground which is "attached to something having a location on the ground." The defendant's septic system, attached to his office building on land zoned for business, constitutes a business structure on residential one-acre zoned land.

While zoning governs the location of septic systems, the public health code controls their installation and specification requirements. General Statutes § 19a-36; Regs., Conn. State Agencies §§ 19-13-B103a through 19-13-B103f. The technical standards for the design and construction of septic systems contained in the public health code are enforced by the Stamford director of health. Regs., Conn. State Agencies § 19-13-B103e; Stamford Code § 21-41.

Subsurface sewage disposal or septic system "means a system consisting of a house sewer; a septic tank followed by a leaching system, any necessary pumps and siphons, and any ground water control system on which the operation of the leaching system is dependent." Regs., Conn. State Agencies § 19-13-B103b (c). "Each septic system shall be located on the same lot as the building served." Regs., Conn. State Agencies § 19-13-B103d (d). Septic tank "means a water-tight receptacle which is used for the treatment of sewage

and is designed and constructed so as to permit the settling of solids, the digestion of organic matter by detention and the discharge of the liquid portion to a leaching system." Regs., Conn. State Agencies § 19-13-B103b (b). Leaching system "means a structure, excavation or other facility designed to allow settled sewage to percolate into the underlying soil without overflow and to mix with the ground water." Connecticut Public Health Code, Technical Standards for the Design and Construction of Surface Sewage Disposal Systems (1986) § 19-13-B103, standard I (E), p. 15.

The minimum separation distance required between any part of the septic system and: (1) the building served is 15 feet; (2) human habitation on adjacent property is 25 feet; and (3) the property line is 10 feet. Connecticut Public Health Code, supra, § 19-13-B103, standard II, p. 16. A septic tank shall have a removable cover or manhole not greater than twelve to eighteen inches below grade level. At least two manholes shall be provided for a tank ten feet long. On septic tanks of two thousand gallons or more, the manholes shall extend to grade. Connecticut Public Health Code, supra, § 19-13-B103, standard V (A) (2), p. 28.

It is clear from the provisions and definitions of the public health code, and from the technical standards for the design and construction of septic systems specified therein, that the installation of a septic system in the ground is a structure, within the contemplation of article II, § 3 (A) (97), of the Stamford zoning regulations "attached to [a building] having a location on the ground." The defendant's use of residential property for the installation of a septic system attached to his commercial building on a business zone would, therefore, violate the zoning regulations.

I also dissent from the majority opinion's holding that the plaintiffs are not entitled to an injunction "even

if the Stamford zoning regulations prohibit the placement of the defendant's septic system on his adjoining residential property." The attorney state trial referee concluded that the plaintiffs failed to show that such use of the residential property would result in any injury to them because septic systems are necessary and permitted in both commercial and residential zones. The majority concurs with this conclusion, stating as follows: "The trial referee concluded that '[s]ince the Plaintiffs have offered no evidence to show that the building's septic system and rear yard will differ in any material way from septic systems and rear yards pertaining to residential structures, they have failed to demonstrate that the residential property in question is being used in a manner inconsistent with its zoning classification.' We agree."

It is the duty of the zoning enforcement officer to enforce the zoning regulations. Stamford Zoning Regs., art. V, § 16 (A). He is authorized to institute injunctive proceedings to restrain a violation of the regulations. Stamford Zoning Regs., art. V, § 16 (B). In this case, however, even though he considers the installation of the septic system to be a violation of the zoning regulations, the zoning enforcement officer was unable to take such action because of a writ of mandamus that issued against him as both the city building inspector and zoning enforcement officer on July 30, 1981, ordering him to issue a building permit for the defendant's office building.[2] For that reason, this action has been instituted by the plaintiffs in their private capacities.

Any person specifically and materially damaged by a violation of the zoning ordinances which has occurred

[2] This judgment in mandamus was rendered in the case of *Groesbeck* v. *Sotire,* Superior Court, judicial district of Stamford-Norwalk, Docket No. CV 80-49563 (July 30, 1981).

or is likely to occur on another's land may seek injunctive relief restraining such violation. *Cummings* v. *Tripp,* 204 Conn. 67, 75, 527 A.2d 1230 (1987); *Reynolds* v. *Soffer,* 183 Conn. 67, 71, 438 A.2d 1163 (1981); *Karls* v. *Alexandra Realty Corporation,* 179 Conn. 390, 401, 426 A.2d 784 (1980). "Though the primary responsibility for enforcing zoning regulations rests with the zoning [authority], where a violation results in special damage to an individual, the injured party has a right to seek injunctive relief. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156, 48 A.2d 729 [1946]; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 482, 138 A. 483 [1927]." *Schomer* v. *Shilepsky,* 169 Conn. 186, 194, 363 A.2d 128 (1975).

At trial, the plaintiffs offered testimony describing how an office building illegally increased in size by placement of its septic system on residential property would adversely affect the use and enjoyment of their homes which were located in the immediate neighborhood in a highly restricted residential area. There was evidence that the size of the office building would cause a significant decrease in the market value of their homes that would not occur if the defendant were to construct a building consistent with the zoning regulations on the property zoned for neighborhood business. Corroborating the decrease in property values was testimony that the city of Stamford reduced the assessment of the named plaintiff's home by $20,129, from $201,300 to $180,171, or 10 percent, because of its proximity to the defendant's office building, being approximately 100 feet away.

Other proof of special damage claimed by the plaintiffs alleged loss of privacy, unsightliness of the office building in a highly residential neighborhood, obstruction of the view from their homes, destruction of the countryside and historic neighborhood in which they reside, increased traffic on Old Long Ridge Road, which

will create safety problems for the plaintiffs' children because there are no sidewalks on the narrow and winding roadway, and increased noise and pollution.

The attorney state trial referee failed to rule on these claims of special damage. His findings of fact were limited to finding only that there was no evidence to prove the volume of traffic that would be generated by the proposed building or by a smaller building conforming to the zoning regulations and that there was no evidence to indicate that a smaller building would be less than three stories in height. The conclusions reached were also inadequate. The referee found that since the plaintiffs offered no evidence as to the size or precise location on the property of a smaller building, "[i]t is therefore found that the plaintiffs have not sustained the burden of proof as to the extent of any injury or damage they would sustain by reason of the size of the building."

As to the claim that the increased size of the building will cause the plaintiffs damage, the referee concluded that "Stamford's zoning regulations limit building size through maximum height and lot coverage restrictions." Finally, as described earlier, the referee concluded that since septic systems are necessary to both commercial and residential structures, the location of the septic system in this case in a residential zone would not result in any injury to the plaintiffs. It is only this last conclusion that the majority opinion cites in holding that the attorney state trial referee did not err in concluding that the plaintiffs were not injured even if the defendant violated the Stamford zoning regulations by constructing a commercial septic system on land zoned for one-acre housing to be attached to an office building erected in an adjoining neighborhood business district. The majority opinion does not review the plaintiffs' proof of special damages or the attorney state trial referee's lack of findings thereon.

Proof of a substantial interference with the plaintiffs' right of enjoyment of their homes and property, even owing to increased traffic alone, reasonably supports the issuance of an injunction against a zoning violation. *Schomer* v. *Shilepsky,* supra.

For these reasons, I would find error.

