[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the plaintiff's motion for reconsideration of the plaintiff's motion for temporary injunction in which the plaintiff sought an order of the court restraining the defendant, Department of Corrections (Corrections) from retaliating against him for filing the subject motion and an order precluding corrections from depriving the plaintiff of his artwork and legal materials. The plaintiff has not specified of which he has been deprived, however, there is a sealed envelope within the file which contains various cartoon-style drawings and other material of a sexually explicit and violent nature, which the court presumes to be the material of which the plaintiff refers. None of the material constitutes "legal material." Therefore, the court will only consider whether to issue orders enjoining Corrections from depriving the plaintiff of his drawings and retaliating against the plaintiff.
"There is a four-part test for the issuance of a temporary injunction: (1) the plaintiff ha[s] no adequate legal remedy; (2) the plaintiff would suffer irreparable injury absent [the injunction]; (3) the plaintiff [is] likely to prevail . . .; and (4) the balance of the equities favors [the issuance of the injunction]." (Citations omitted.) Boutilier v. TheSaybrook Manor, Superior Court, judicial district of Middlesex at Middletown, Docket No. 94366 (July 26, 2001, Arena J.), citing WaterburyTeachers Assn. v. Freedom of Information Commission, 230 Conn. 441, 446,645 A.2d 978 (1994). "In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." (Internal quotation marks omitted.) Moore v. Ganim, 233 Conn. 557, 569 n. 25, 660 A.2d 742
(1995). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court, and the justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one founded on the imminence of substantial and irreparable harm." Silitschanu v. Groesbeck,12 Conn. App. 57, 64, 529 A.2d 732 (1987), aff'd, 208 Conn. 312,543 A.2d 737 (1988). "This criterion necessarily requires consideration CT Page 16858 of the probable outcome of the litigation." Griffin Hospital v.Commission on Hospitals Health Care, 196 Conn. 451, 457, 493 A.2d 229
(1985). The plaintiff has failed to meet his burden of proof. The court finds that the plaintiff is unlikely to prevail on the merits and the equities are not in his favor.
First, the plaintiff has failed to allege facts from the court could conclude that there is any immediate harm of retaliation. The plaintiff has failed to allege any facts which would support his suspicion of possible retaliation, immediately otherwise. The plaintiff's motion for reconsideration, filed more than a month after the motion seeking the plaintiff's motion for a restraining order does not cite a single instance of retaliation.
With respect to the cartoon-like and legal material, as stated above the plaintiff has failed to establish that any legal material has been confiscated. The material confiscated and presented for the court's consideration is all of a sexually explicit and violent nature.
The plaintiff is not likely to prevail on his claim that he is entitled to keep such material. A prison inmate does not have an unfettered right of speech. He "retains those First Amendment rights that are not inconsistent with his status as prisoner or with the legitimate penological objectives of Corrections and forfeits others. An inmate's free speech rights must be balanced against the state's legitimate interest in confining prisoners to deter crime, to protect society by quarantining criminal offenders for a period during which rehabilitative procedures can be applied, and to maintain the internal security of penal institutions." Pell v. Procunier, 417 U.S. 817, 818 (94 S.Ct. 2800, 802 (1974).
More than twenty years ago, the United States Supreme Court held that where: bans on inmate speech were rationally related to reasonable objectives of prison administration, speech restrictions do not trench untowardly on First Amendment speech rights. Jones v. North CarolinaPrisoners' Labor Union, Inc., 433 U.S. 119, 97 S.Ct. 2532 (1977). Corrections' reasonable views as to possible detrimental effects of speech, were sufficiently weighty, prevail against First Amendment associational right Id. Since a prison is not a public forum, where there was rational basis for distinguishing between certain types of speech which are allowed and those which are not, there was no denial of equal protection in abridging an inmate's constitutional right. Id.
Even in cases where freedom of the press was implicated, a prisoner's right to free speech may be limited, to the extent reasonably necessary to protect any legitimate governmental interests. Eve Pell Et Al.,CT Page 16859Appellants v. Raymond K. Procunier, Director, California Department ofCorrections, Et Al.; Raymond K. Procunier, Director, CaliforniaDepartment of Corrections, Et Al.; Appellants v. Booker T. Hillery, Jr.,Et Al.; William the Washington Post Co. Et Al. Nos. 73-918, 73-754, and73-1265., Supra. The prisoner's right to free speech is not such that the authorities are powerless to impose reasonable regulations as to the time, place, and manner of interviews to effectuate prison discipline and order. Id. The only issue is whether the deprivation goes beyond what is necessary for the protection of these interests and infringes upon our cherished right of a free speech. Id.
This court does not question that Corrections has a legitimate interests that merit protection which justifies the limited restriction on the plaintiff's speech. Measures aimed at preventing the — plaintiff, or any other inmate, from drawing and maintaining material depicting him performing violent and sexually explicit acts on corrections employees is rationally related to reasonable objectives of prison administration, namely the preservation of the safety of Corrections employees and suppressing or repressing an inmate's violent and sexually abusive ideation. Restricting the plaintiff's right to produce and maintain such material does not impermissible restrict his First Amendment speech rights. The reasonableness of corrections views of the detrimental effects of the plaintiff's speech is inescapable and are sufficiently compelling to outweigh and prevail against plaintiff's First Amendment associational rights.
The plaintiff asserts that he should not be denied the right to have his drawings because other inmates are allowed to have pornographic material. There is rational basis for distinguishing between the disruptive and dangerous effects of violent and sexually explicit material published by the media depicting willing professional models and actors on the one hand and violent and sexually explicit material drawn by the plaintiff depicting corrections employees being subjected to fictional sexually explicit and violent acts committed by the plaintiff on the other.
For the reasons stated above, the plaintiff's motion for reconsideration is granted and the his motion for injunction is denied.
Vanessa L. Bryant, J.