[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Anitra Knox, seeks a temporary injunction placing her in the New Haven Fire Training Academy. The defendants, the City of New Haven and the New Haven Board of Fire Commissioners, object to the issuance of an injunction. For the reasons set forth in this decision, the plaintiffs application is denied.
 POSITION OF THE PARTIES
The plaintiff contends that this court should issue an injunction placing her in the current class of New Haven Firefighters in the Fire Training Academy for the following reasons. The plaintiff contends that she was induced to return to Connecticut from her home in South Carolina by representations of the defendants' agents. Specifically, the plaintiff claims that Assistant Chief of Fire Department, Ronald Dumas called her from New Haven, in South Carolina to request that she return to Connecticut where she would be offered a position in the next class of New Haven Firefighters. The plaintiff also claims that the Chief of the Fire Department, Chief Dennis Daniels, spoke with her and assured her that her application would be acted upon favorably. Relying on these CT Page 10337 representations, the plaintiff alleges that she and her husband quit their jobs in South Carolina and relocated to New Haven, Connecticut. The plaintiff further alleges that she went through the application process successfully and that she attended a hearing before the Board of Fire Commissioners at which time she was offered a position within the New Haven Fire Department. The plaintiff testified that she passed all the requisite exams and test, both physical and written/oral. The plaintiff also claims to have provided to the City any necessary information regarding her injury in a prior motor vehicle accident. She attested that she forwarded to the defendants a clearance by her physician to return to full work. The plaintiff asserts that after she was offered a position with the New Haven Fire Department, she was notified by Chief Daniels that the Board had decided' not to offer a position to her, which notification constituted a removal of her from her position. The plaintiff seeks reinstatement into the most recent class of New Haven firefighters.
The defendants argue, first, that the plaintiff was never legally or officially offered a position with the New Haven Fire Department and therefore she is not entitled to "reinstatement." Second, the defendants argue, that even if the plaintiff believed that she was or would be offered a position, this belief or her reliance on this belief is insufficient for her to prevail. The defendants, though not admitting that a representation was made to the plaintiff, do not really dispute it. Rather, the defendants' position is that a representation, whether made or not, is irrelevant to the resolution of the issues in dispute. The defendants maintain that only the Board of Fire Commissioners is empowered to approve an applicant to the New Haven Fire Department; and that the Board did not approve the plaintiffs application. For this reason, the defendants argue that the plaintiffs application should be denied.
 FINDINGS OF FACT
After a hearing on the application, at which both the plaintiff and the defendants had an opportunity to produce witnesses and evidence, the court finds the following facts.
1. Anitra Knox applied to become a New Haven Firefighter prior to relocating from New Haven, Connecticut to Columbia, South Carolina.
2. In August, 2001, while a resident of the state of South Carolina, the plaintiff spoke with Ronald Dumas, the Assistant Chief of the New Haven Fire Department.
3. As a result of her conversation with Assist. Chief Dumas, the CT Page 10338 plaintiff believed that she would be selected to be in the next class of firefighter trainees in New Haven if she successfully completed the application process.
4. Based on her belief that she would be offered a position with the New Haven Fire Department, the plaintiff and her husband relocated from Columbia, South Carolina to New Haven, Connecticut.
5. The plaintiff is, and at all pertinent times was, married with two children.
6. The plaintiff took the required examinations and tests as a part of her application process.
7. In May, 2002, the plaintiff appeared before the Board of Fire Commissioners of the City of New Haven.
8. At her appearance before the Board, in May, 2002, the then Chair of the Board, Rev. Boise Kimber informed the plaintiff, in the presence of the other Board members and in the presence of Assistant Chief Dumas, that the plaintiff would be offered a position as a New Haven Firefighter.
9. The Board of Fire Commissioners voted on candidate applications at its June, 2002 meeting.
10. At the June, 2002 meeting the Board voted unanimously not to offer to the plaintiff a position in the New Haven Fire Department.
11. The plaintiff was notified of the Board's decision not to offer her a position in a letter from Chief Daniels, dated June 12, 2002.
The plaintiffs position, that she was offered a position in the Fire Department at the May, 2002 meeting of the Board of Fire Commissioners is untenable, given the facts that were presented at the hearing. At most, the plaintiff proved that she was assured that she would be offered a position. Which brings us to the next argument, an argument for equitable estoppel. This court found that a representation was made to the plaintiff by the then Chair of the Board of Fire Commissioners that she would be offered a position in the next class, which representation was not contradicted by those witnessing the statement. The question is, was this representation sufficient to bind the City of New Haven, an to allow the plaintiff to prevail on her application for a Temporary Injunction? For reasons more fully explained below, the answer is "no".
 LEGAL DISCUSSION
CT Page 10339
"The principle purpose of a temporary injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits." (Internal quotation marks omitted.)Clinton v. Middlesex Mutual Assurance Co., 37 Conn. App. 269, 270,655 A.2d 814 (1995). Connecticut courts have set forth a four part test for the issuance of a temporary injunction. In order to prevail on an application for temporary injunction a plaintiff must prove that: "(1) the plaintiff ha[s] no adequate legal remedy; (2) the plaintiff would suffer irreparable injury absent [the injunction]; (3) the plaintiff [is] likely to prevail . . .; and (4) the balance of the equities favor[s the issuance of the injunction]." Waterbury Teachers Association v. Freedomof Information Commission, 230 Conn. 441, 446, 645 A.2d 978 (1994). "In general, a court may, in its discretion, exercise its equitable power to order a temporary injunction pending final determination of the order, upon a proper showing by the movant that if the injunction is not granted he or she will suffer irreparable harm for which there is no adequate remedy at law. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." (Citations omitted; internal quotation marks omitted.) Moore v. Ganim, 233 Conn. 557, 569, n. 25, 660 A.2d 742 (1995).
Applying the legal standard to the facts in this case, the court finds that the application for temporary injunction should be denied. First, the plaintiff has failed to establish that she has no adequate remedy at law. "Adequate remedy at law means a remedy vested in the complainant, to which he may, at all times, resort, at his own option, fully and freely, without let or hindrance." Stoker v. Waterbury, 154 Conn. 446, 449,226 A.2d 514 (1967). The plaintiff in this case has failed to prove the absence of an adequate remedy at law to which she may resort for compensation and remedy of any wrong she believes she has suffered. As such, the plaintiff fails to establish the first prong of the four prong test.
Second, the plaintiff has failed to establish that she suffers an irreparable harm. "Irreparable harm arises when there exists no legal remedy furnishing full compensation or adequate redress for a wrong done to or sustained by an individual. The injury or wrong complained of must be serious or material and not adequately reparable by damages at law in that, such damages will not restore the complaining party to the position in which the party formerly stood.' Bugryn v. Bristol, Superior Court, judicial district of New Britain at New Britain, Docket No. 495682 (January 31, 2000, Kremski, JTR.). `Although absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer CT Page 10340 irreparable harm.' Silitschanu v. Groesbeck, 12 Conn. App. 57, 65,529 A.2d 732 (1987), aff'd, 208 Conn. 312, 543 A.2d 737 (1988)." CarvelCorporation v. Depola, Superior Court, Judicial District of New Britain at New Britain, Docket No. 000505443 (April 24, 2001, Swords, J.,2001 Ct. Sup. 5659). Given that the plaintiff has an adequate remedy at law, she may seek compensation for the alleged wrongs she has suffered due to the conduct of the defendants. The plaintiffs contention that her irreparable harm arises from a constitutional violation because she was removed from her position is rejected by this court. As was noted earlier in the decision, this court does not find that the plaintiff has proven that she was ever officially offered the position in the New Haven Fire Department. Given this, any injuries to the plaintiff can be quantified, and therefore, compensated. The plaintiff with appropriate compensation could be returned to her previous status and condition. Thus, the plaintiff has failed to prove the second prong of the four prong test.
Third, the plaintiff has failed to prove a likelihood of success on the merits. The court rejects the plaintiffs argument that she was offered a position on the Fire Department. Therefore, this court finds that it is unlikely that the plaintiff will be able to prevail on this claim at trial. Accordingly, the court turns next to any equitable claims that the plaintiff might raise, specifically, a claim for estoppel.
Equitable Estoppel
"[A]s a general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions." Kimberly-ClarkCorp. v. Dubno, Commisioner of Revenue Services, 204 Conn. 137, 146,527 A.2d 679 (1987). "Nevertheless, we noted that an exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents." Id., 147. "[E]stoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." Id. at 148. Further, the Connecticut Supreme Court has held that: "it is the, burden of the person claiming estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." Id at 148.
The defendants argue that any representation made by a member of the Board of Fire Commissioners or by a member of the New Haven Fire Department is insufficient to bind the City of New Haven. More specifically, the defendants argue that neither a member of the Board of CT Page 10341 Fire Commissioners nor a member of the New Haven Fire Department had the authority to bind the City; that the plaintiff, under Connecticut law, is required to know this; and that these two facts prevent the plaintiff from prevailing on a claim of estoppel. The plaintiff did not address this argument in her brief because she focused on proving and believed that she had proven that she had been offered a position and then was removed from the position: an argument that has been rejected by this court.
It is clear that the plaintiff did establish during the hearing that members of the defendant organizations and institutions said and did things which led her to believe that she would be offered a position as a New Haven Firefighter. It is also clear from the record that the plaintiff altered her position in reliance on those facts to her detriment. However, the plaintiff did not establish that she falls within the narrow exception allowing estoppel claims against a municipality: that she did not know that it was only the Board of Fire Commissioners, as an entity, not as individuals, which was empowered to offer positions within the Fire Department. Further, the plaintiff presented no evidence to excuse her from being charged with the correct and accurate knowledge of the procedure for hiring within the Fire Department.
Though the court finds that the plaintiff fails to fall in the narrow exception of individuals excused from knowing accurate information, this court need not reach the issue of the state of the plaintiffs knowledge, because it finds that neither Chief Daniels, nor Assist. Chief Dumas, nor former Chair of the Board of Fire Commissioners, Rev. Kimber, was authorized to extend offers for employment within the New Haven Fire Department. Therefore, the second prong of the requirements (that "only when the action in question has been induced by an agent having authority in such matters" Id. at 148) has not been met. The court, therefore, finds that it is unlikely that the plaintiff will be able to prevail on a claim for estoppel at trial.
Regarding her allegation that she relied upon representations of Assistant Chief Dumas that she would be offered a position within the New Haven Fire Department when she decided to quit her job in South Carolina and relocate to New Haven, the court finds that it is unlikely that the plaintiff will prevail on this claim, either. During the hearing, the plaintiff acknowledged that she realized when she returned to New Haven that she was merely a candidate. She testified that as late as May, 2002 she knew that her application had not been approved. Therefore, this court concludes that plaintiff will ultimately be able to establish, only, that she returned to Connecticut with the hopes and perhaps expectations that her application would be acted upon favorably, but not with the total assurance that she claims to have had in her original CT Page 10342 application.
Having failed to prove that she was offered a position within the Fire Department the plaintiff is not entitled to injunctive relief. Having failed to establish that she would be able to prevail on a claim of estoppel, the plaintiff is also not able to prove entitlement to injunctive relief.
Fourth, balancing the equities requires that the application for injunctive relief be denied.
Status Quo
Injunctive relief is appropriate to preserve the status quo. The current state of things is that the plaintiff is "candidate." She was not offered a position on the New Haven Fire Department. To grant the application for injunctive relief would be to upset the status quo, and thus would be contrary to the law.
 CONCLUSION
For the reasons set forth in this memorandum, the court denies the plaintiffs application for a temporary injunction.
 _______________________________ Angela Robinson-Thomas, Judge