859 F.2d 14
 Elisabeth B. CROCKER, Plaintiff-Appellant,
v.
FLUVANNA COUNTY (VA) BOARD OF PUBLIC WELFARE, a/k/a Fluvanna
County Social Services; Ann Moshenek, in her individual and
official capacity as Chairman of the Fluvanna Co. Board of
Public Welfare; Thomas J. Bugg; Louise Campbell; Helen
Morris; Kenneth Woodson, in their individual and official
capacity as members of the Fluvanna Co. Board of Public
Welfare, Palmyra, Va.; A. Jackson Ridder, in his individual
and official capacity as Director of the Valley Regional
Office of the Va. Dept. of Social Services, Defendants-Appellees.
 No. 87-3757.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1988.
Decided Oct. 5, 1988.
 
 Gilbert Kenneth Davis (Davis & Associates, Vienna, Va., on brief), for plaintiff-appellant.
 Robert Craig Wood (McGuire, Woods, Battle & Booth, Charlottesville, Va., on brief), John Andrew Rupp, Sr. Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Carlton S. Gregory, Asst. Atty. Gen., Richmond, Va., Dwight Johnson, Asst. Atty. Gen., Charlottesville, Va., on brief), for defendants-appellees.
 Before WIDENER, SPROUSE, and ERVIN, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 Elisabeth B. Crocker, a former state employee, initiated an action pursuant to 42 U.S.C., Secs. 1983 and 1985, alleging, inter alia, that her employment was terminated in violation of the due process requirements of the Fifth and Fourteenth amendments to the United States Constitution.[1] The district court granted summary judgment to defendants on the federal claims, and dismissed the pendent state claims without prejudice. Mrs. Crocker appeals, and we affirm.
 
 
 2
 In September of 1979, Mrs. Crocker was appointed Director of Fluvanna County, Virginia, Department of Social Services. The Fluvanna County Board of Public Welfare (the Board), a five member body, is the employer and supervising body of the Fluvanna County Department of Social Services. Mrs. Crocker's responsibilities, in addition to general management of the department, included counseling employees regarding their grievance rights under Virginia's state grievance procedure.[2] On or about February 3, 1986, Mrs. Crocker received a telephone call from defendant Ridder[3] advising her to appear before the Board to receive a performance evaluation. When she appeared before the Board, she was advised that her performance was rated unsatisfactory in all categories. She was given the alternative of resigning, which would result in the destruction of the unsatisfactory evaluation sheet, or being discharged on the following February 28th. At this Board meeting, Mrs. Crocker demanded to know, and was advised of, the reasons for the poor evaluation, including complaints the Board had received. In her own words, she was also provided the opportunity to, and did, "quite calmly present [her] side of [each] issue". Crocker v. Fluvanna Cty. (Va) Bd. of Pub. Welfare, 676 F.Supp. 711, 713 (W.D.Va.1987). Mrs. Crocker chose resignation, and, in accordance with the demands of the Board, she immediately prepared and tendered her letter of resignation, dated February 4, 1986, the resignation to be effective February 28, 1986. The Board destroyed the unsatisfactory evaluation form pursuant to Mrs. Crocker's request.
 
 
 3
 Neither the Board members nor Ridder affirmatively apprised Mrs. Crocker of her right to grieve the termination.[4] She also was not affirmatively informed by the Board of the procedure to employ in pursuing such a grievance. On or about February 17, 1986, Mrs. Crocker consulted an attorney concerning her termination. On March 30, 1986, more than thirty days after the effective date of her resignation, she tendered a written grievance to the Vice-Chairman of the Board. The Chairman of the Board denied the grievance on the ground that it was not timely filed. Mrs. Crocker then commenced this action in the district court,[5] rather than appealing the Chairman's decision in accordance with the State Grievance Procedure.[6]
 
 
 4
 Mrs. Crocker claims that although she was responsible for counseling employees on their grievance rights, she was unaware of the application of those rights to her. She claims here, although she apparently did not press this claim below, (see Crocker, 676 F.Supp. at 712, 714) that the grievance procedures themselves were ambiguous with respect to the availability of grievance rights to Directors of local welfare departments. Therefore, she argues, the Board had a duty to affirmatively advise her of these rights. From that position, she asserts that their failure to do so constituted a breach of an obligation, imposed upon the State as a part of constitutional due process, to provide timely notice of her rights.
 
 
 5
 Although Mrs. Crocker was aware of the existence of the grievance procedures, she urges upon us the argument that she believed they did not apply to her, since the statute expressly excludes coverage for "agency heads". At the same time, she concedes familiarity with the personnel manual which states that "[l]ocal Superintendents/Directors are considered local welfare employees, and as such shall have access either to the locality's grievance procedure or to the State's Grievance Procedure pursuant to Sec. 2.1-114.5:1 of the Code of Virginia". Mrs. Crocker further admits having consulted the personnel manual after the Board meeting, but insists that she "didn't understand it". She also contends that a 1985 revision of the pamphlet styled "Grievance Procedure for State Employees," stated that "agency heads" were not covered by the state grievance procedures, thus causing her to believe that the statute had been somehow amended to exclude Directors from coverage. The statute, however, underwent no such amendment, "agency heads" had always been excluded, and the very page of the 1985 revision she depends on specifically includes under "COVERAGE OF PERSONNEL," part A.2, "[e]mployees of local social service departments and local social service boards," which includes Mrs. Crocker. We agree with the district court that Mrs. Crocker takes an untenable position as she argues that she believed herself to be an agency head within the meaning of Va.Code, Sec. 2.1-114.5:1, and therefore believed that she was not able to pursue a grievance. Mrs. Crocker was the Director of a local agency, charged with counseling employees on the rights and procedures available to grieve adverse personnel actions, including those available pursuant to the relevant statute. She seeks a determination that she was denied due process because the Board did not affirmatively apprise her of her grievance rights, notwithstanding her actual knowledge of both their existence as well as the mechanics of the procedure, and despite the fact that she consulted with an attorney regarding this matter well within the time frame prescribed for filing a grievance. We have found no authority in support of such a proposition, nor has Mrs. Crocker brought any to our attention. We are unwilling to place such a burden upon the State, and decline to do so. Even if there was some kind of constitutional duty on the State to advise Mrs. Crocker of grievance procedures, which we do not decide, and which is doubtful at best, we see no violation of due process, under these facts, as a result of the Board's failure to apprise Mrs. Crocker of her grievance rights.
 
 
 6
 Mrs. Crocker also complains that, for a variety of reasons, three of the five Board members were prejudiced against her. That being so, she argues that she did not receive a fair and impartial pre-termination hearing and that such is required by due process.
 
 
 7
 While it may be that the three members of the Board Mrs. Crocker accuses were not in fact biased, because this appeal is from a summary judgment, we will assume, as did the district court, that they were. We also assume, as did the district court, that as a non-probationary employee she possessed a protectable property interest, although that question need not be decided. See Detweiler v. Com. of Va. Dept. of Rehab. Services, 705 F.2d 557 (4th Cir.1983).
 
 
 8
 Because she had a protectable property interest, she was entitled not to be deprived of that interest without appropriate procedural safeguards guaranteed by the Constitution. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "The question then remains what process is due." Loudermill p. 541, 105 S.Ct. p. 1493. Loudermill explains that such a deprivation must be preceded by notice and opportunity for hearing appropriate to the nature of the case. The principle requires "some kind of a hearing" prior to discharge, which includes the existence of some pre-termination opportunity to respond. Loudermill, p. 542, 105 S.Ct. p. 1493. The Court concluded in Loudermill as follows: "We conclude that all the process that is due is provided by a pre-termination opportunity to respond, coupled with post-termination administrative procedures as provided by the ... statute." Loudermill p. 547-548, 105 S.Ct. p. 1496.
 
 
 9
 In Garraghty v. Jordan, 830 F.2d 1295 (4th Cir.1987), we decided that the pre-termination hearing required by Loudermill was not required to be held before an impartial decision maker, and we recited Loudermill 's requirement that a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. 830 F.2d at 1300. We also consider here Loudermill 's reasoning that a principal purpose of a pre-termination hearing is so that the employer may avoid a mistake, for a pre-termination hearing may be the only meaningful opportunity to invoke the discretion of the decision maker. Loudermill at 542-543, 105 S.Ct. at 1493-1494. And we consider Loudermill 's premise that the decision in that case rested in part on the provisions in state law for a full post-termination hearing. Loudermill at 546-547, 105 S.Ct. at 1495-1496.
 
 
 10
 Applying these principles to our case, we agree with the district court that Mrs. Crocker received all the process that she was due. When she appeared before the Board, as the district court found: "Upon request, the Plaintiff was given a list of reasons for her proposed termination and she was, in her own words, able to 'quite calmly present [her] side' on each of the issues." 676 F.Supp. at 715. She was notified on February 4th of the Board's intention to discharge her on February 28th if she did not resign. Thus, she received notice, a hearing, an explanation of the charges, and a right to refute them, which she did. This was all the process which Mrs. Crocker was due. As did the Court in Loudermill, we write in view of the fact that the Virginia grievance procedures which were applicable to Mrs. Crocker were available and provided for a full post-termination adversarial hearing in the nature of a trial before an impartial panel complete with the right to have an attorney and to present witnesses. These procedures have been held by us to be constitutionally valid in Detweiler, 705 F.2d at 560-561, and require no further discussion here.
 
 
 11
 We should not leave the subject without remarking that the Sixth Circuit in Duchesne v. Williams, 849 F.2d 1004 (6th Cir.1988) (en banc), has followed Garraghty, and we especially note that it also relied with approval on the opinion of the district judge in this very case with respect to whether or not the decision maker at a pre-termination Loudermill hearing need be unbiased. 849 F.2d at 1008.
 
 
 12
 The judgment of the district court is accordingly
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Plaintiff also asserted several pendent state claims. On appeal, she only asserts due process claims and does not mention Sec. 1985 except to recite that it was included in the complaint
 
 
 [2]
 The grievance procedure is established and described in Va.Code (1950), Sec. 2.1-114.5:1
 
 
 [3]
 A. Jackson Ridder, then the Director of the Valley Regional Office of the Virginia Department of Social Services. Ridder's office is advisory so far as Mrs. Crocker is concerned; he did not supervise her work and is not a superior to the local Board
 
 
 [4]
 Although she technically resigned, the district court discusses her separation from employment as a termination. For purposes of this appeal, we too accept that characterization
 
 
 [5]
 In addition to the Board, Crocker named as defendants each individual Board member as well as A. Jackson Ridder
 
 
 [6]
 The procedures provide for appeal to the agency head, and for further review by an impartial panel. Va.Code, Sec. 2.1-114.5:1(D), (E) and (F)